177 So. 151

**MITCHELL et al. v. WALDEN MOTOR CO. et al.**

4 Div. 891.

Supreme Court of Alabama.

Nov. 18, 1937.

Farmer, Merrill & Farmer and G. M. Harrison, all of Dothan, and E. C. Glover, of Abbeville, for appellants.

Halstead & Smith, of Headland, for appellees.

GARDNER, Justice.

This appeal involves the proper construction of the local acts for Henry county concerning the office of road supervisor and his duties in relation to the public roads. Local Acts 1932 (Special Session) p. 89; Local Acts 1935, p. 234.

The litigation relates to the purchase by the county of two 1½-ton motortrucks for use on the county roads. No fraud or bad faith is charged, but it is contended the purchase was violative of the terms of the above-noted acts, which require, as complainants insist, competitive bidding in all such purchases, and the acceptance by the county of the lowest pecuniary bidder.

But we find ourselves unable to agree. The first act creating the office of road supervisor (Local Acts 1932, supra), following rather closely that affecting the adjoining county of Houston (section 13, Local Acts 1935, p. 71; Poyner v. Whiddon (Ala.Sup.) 174 So. 507[1]), did contain, in section 5 thereof, the requirement that contracts therein specified, which exceed the amount of $50, should be let to the "lowest responsible bidder." And as to a contract in excess of $250, some additional notice was provided. But this section 5 of the original act was amended by section 3 of the Act of 1935 (Local Acts 1935, p. 234, 235) in the following manner: "Section 3. That said Section 5 of said Act be and the same is hereby amended so as to read as follows: Section 5." As rewritten, certain changes were made as to the purchases by the road supervisor so as to permit a purchase by him in open market of material and the like when less in amount than $10, and when in excess of that sum but less than $50 a requisition therefor must be procured from the probate judge who must indorse thereon the number of bids required and the purchase made from "the lowest bidder as indicated by the bids." Each such bid "must be attached to the succeeding monthly pay roll along with the sworn itemized statement of the seller."

Following next is the provision for posting two weeks' written notice on the bulletin board at the courthouse for bids when the amount is more than $50 and less than $250, and when in excess of the latter sum additional notice was required by publication in some paper in the county, posting on the bulletin board, and by registered mail addressed to at least three dealers in the material to be purchased. All notices were to be given by the road supervisor and filed with the court of county commissioners. This section, as thus rewritten, contains some detail exceptions not here necessary to note.

But significantly the provision as to "the lowest responsible bidder," found in section 5 as originally written, is omitted in the amendatory act. As said section now appears, there is no such requirement in purchases exceeding $50 in value. The general rule as to the construction of statutes thus amended is well settled and given recognition in Allgood v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 So. 724, wherein is the following quotation here applicable: "Generally speaking, where a statute is amended 'so as to read as follows,' the amendatory act becomes a substitute for the original, which then ceases to have the force and effect of an independent enactment * * * that so much of the act as is omitted is repealed." See, also, 59 Corpus Juris 925–6.

Complainants insist that though the requirement in the original act that the purchase must be from the lowest responsible bidder was not embraced in the section as amended by the act of 1935, yet the lawmaking body intended no repeal of such requirement, and that the court should construe the two acts as thus jointly embracing this requirement.

This argument is based upon the holding in some of the authorities that the rule may not be so absolute as not to yield to a contrary intention when found in the nature of the case, in the language employed or in the course of contemporaneous legislation on the same subject. See authorities cited in notes to 59 Corpus Juris 926. Accepting, for the purpose of this case only, such argument as applicable here (concerning which no definite commitment is now necessary), yet it would place complainants in no better position.

[1] 234 Ala. 168.

It is clear enough the presumption is that the omitted provision is repealed, and the single question is, What have we here to so clearly demonstrate a legislative intent to the contrary as to overcome this strong implication for repeal? Section 5 of the original act was rewritten with apparent care. It bears no outward evidence of oversight or a want of proper attention to the subject-matter. In detail form provisions are made for purchases involving given sums. Complainants argue that to so construe this amended section reaches an absurd result. But competitive bidding and any requirement to accept the lowest bidder is purely a matter for legislative consideration. If not required by statute, competitive bidding is not necessary, and a statute so requiring is to be strictly construed, and not extended beyond its clear implication. 44 Corpus Juris 325. And, in the absence of any such statute, the contract may be made by any practicable method that will safeguard the public interest. 44 Corpus Juris 324; Carson-Cadillac Corp. v. City of Birmingham, 232 Ala. 312, 167 So. 794.

■■ Section 5, as amended, discloses a purpose to have competitive bids offered by various dealers. But this does not necessarily mean that it was the intent the members of the court of county commissioners, who are considered the "guardians of the interest of the county" (Citizens' Bank & Security Co. v. Commissioners' Court, 209 Ala. 646, 96 So. 778, 779), are to be limited in their power of contract to the lowest responsible bidder. Even though a municipality has called for bids, the contract need not be let to the lowest bidder in the absence of a law so requiring. 44 Corpus Juris 341. So here the Legislature may have considered the matter of competitive bids helpful to the commission in making the purchase, without at the same time wishing to limit their power to contract to the lowest bidder. As guardian of the county's interest, much has been left to the exercise of a bona fide judgment, illustrated as to a municipality by the case of Van Antwerp v. Board of Commissioners, 217 Ala. 201, 115 So. 239, and as to a county by Board of Revenue v. Merrill, 193 Ala. 521, 68 So. 971; Hill v. Bridges, 6 Port. 197; Barks v. Jefferson County, 119 Ala. 600, 24 So. 505, as well as our general statutes applicable thereto. Sections 6754 et seq.; Code 1923, as amended.

The discretion thus vested in these county authorities is not an unlimited or arbitrary one, but rests upon the exercise of a bona fide judgment. True, the purpose of a statute limiting the letting of any contract to the lowest bidder is a good one to secure economy and protect the citizens and taxpayers from fraudulent favoritism, yet whether or not these authorities will be so restricted is purely a matter of legislative wisdom and is to be plainly expressed.

■ Without indulging in speculation, it cannot be said that the requirement for acceptance of the lowest responsible bidder was omitted through a mere mistake and to be classed merely as an inadvertence. In the construction of a statute we have often said that where language is plain and unambiguous, the meaning obvious, there is no room for construction and no discretion left to us, and the courts "have no right to stray into the mazes of conjecture, or to search for an imaginary purpose." Holt v. Long, 234 Ala. 369, 174 So. 759, 760; State v. Praetorians, 226 Ala. 259, 146 So. 411.

■ Here the lawmakers have said, by very plain implication, that the requirement to accept the "lowest responsible bidder" should not be carried forward into the law as amended, and we are persuaded, therefore, the general rule obtains, and should here be applied, and that the omitted provision is to be properly considered as repealed.

■ But should it be conceded otherwise, merely for the purpose of the case in hand, we are yet convinced no violation of the act is made to appear.

That the notice of purchase was posted and published the required length of time and by registered mail forwarded to three dealers in such material, as provided by the amended act, appears not to be controverted. And that the substance of the notice likewise meets the act's requirements we think quite clear. It called for sealed bids on "two one and one-half ton trucks. short wheel base, chasis with cab, with dual rear wheels, equipped with 30x5–8 ply tires on rear and 600–20 balloon tires on front." Clearly, no provision of the act demanded that the notice name the manufacturer of the truck desired to be purchased as complainants argue. This the commissioners may well determine after receiving bids on various makes of trucks. In the instant case, the road supervisor by his affidavit

discloses he favored the Chevrolet over the Ford, and gives his reasons as economy in operation and durability of service. The commissioners evidently deferred to his judgment in the matter, and purchased the Chevrolet trucks at a cost of $179.50 more than the bid of the Ford dealer, one of these complainants, after first eliminating from consideration the bids of the Dodge and other dealers in trucks.

Complainant Walden Motor Company was the Ford dealer offering the lowest bid, and it is insisted the statute was violated for the reason that its bid was not accepted and the Chevrolet bought for a higher price. To accept this contention would lead also to the conclusion that in advertising for bids the make of manufacture must be given and the purchase confined thereto, a theory which we have repudiated as not within any requirements of the act. In determining who is the lowest responsible bidder, the proper authorities may take into consideration the quality of the materials as well as their adaptability to the particular use required. 44 Corpus Juris 342. A very apt illustration is found in West v. City of Oakland, 30 Cal.App. 556, 159 P. 202, where was involved the purchase of a locking device for the jail; the court holding that: "The honest exercise of discretion of a city council, in considering the adaptability to the use required of goods offered, in determining who is the lowest responsible bidder under a charter calling for award of public works contract to such bidder, is not reviewable."

So far as here appears, there was such honest exercise of discretion in the instant case. There is no charge of bad faith. The county authorities merely preferred the one make of truck over the other, and were willing to pay the difference as they viewed it in the exercise of their honest judgment. Clearly, in the exercise of such discretion, the courts cannot interfere.

The holding of this court in Inge v. Board of Public Works, 135 Ala. 187, 33 So. 678, 681, 93 Am.St.Rep. 20, was to like effect, wherein it was said that, "in the absence of fraud or gross abuse, the courts will not interfere with the exercise of discretion by administrative boards or officers in their determination of who is the lowest responsible bidder." That authority is further to the effect that where it is charged the county authorities in violation of the statute did not let the contract to the lowest bidder, no presumption is to be indulged in the matter of exercise of their discretion. It then becomes defensive matter, just as in the instant case defendants, by their answer and affidavit of the road supervisor (all of which were properly considered in connection with the bill's averments on the motion to dissolve the temporary injunction), disclosed that in their judgment the lower bid was not for the same manufactured truck, but for a different make, and their preference for the one over the other, and reasons therefor.

Under these circumstances, therefore, no fraud or improper conduct appearing, a court of equity should not interfere with the bona fide exercise of the judgment of the county authorities.

Viewed, therefore, in either aspect of the case, we are persuaded injunctive relief was incorrectly granted. We interpret the brief of appellants to be directed to so much of the decree as overrules the motion to dissolve the injunction, as upon that question the whole case is fully presented, and our decision is therefore confined thereto.

It results that the injunction, in our opinion, was due to be dissolved. The decree will be reversed, and one here entered dissolving the injunction heretofore issued, and the cause remanded for further disposition in the court below.

Reversed, rendered, and remanded.

ANDERSON, C.J., and BOULDIN and FOSTER, JJ., concur.

