[Civ. No. 12031. First Dist., Div. One. June 25, 1942.]

ANDREW PANSINI et al., Respondents, v. JEROME WEBER et al., Defendants; ALFONSO T. SEPULVEDA et al., Appellants.

John J. Wilson and Bartlett & Kearney for Appellants.

Mitchell, Silberberg, Roth & Knupp and C. E. Erkel for Respondents.

KNIGHT, J.—Respondents brought this action to quiet title to real property in Los Angeles County purchased by them from The Lurie Company, a corporation. Among the defendants sued were Gerald E. Arbuckle, Mae B. Ingraham, Jerome Weber, William I. Heffron, trustee in bankruptcy of the estate of Gerald E. Arbuckle, a bankrupt, and these appellants. The first three filed disclaimers, and Heffron defaulted. Appellants answered, alleging that they were the beneficiaries named in a trust deed given by Arbuckle covering a leasehold interest theretofore acquired by him in the property; and on information and belief appellants alleged that said leasehold interest was still in full force and effect, and that respondents acquired their title subject to said leasehold interest and the deed of trust. The judgment

decreed that respondents' title be quieted, that the alleged adverse claims of appellants were void and invalid, and that appellants be enjoined from asserting claims to or any interest in the property.

Appellants contend that the evidence was sufficient to entitle them to a judgment sustaining their claims. There is no merit in the contention. The only evidence relating to their claims consisted of the recitals in an unsigned and uncertified preliminary title report on the property, which, in connection with another document, was admitted in evidence for the purpose of impeachment; and it is apparent that such recitals do not constitute competent proof of the execution or recordation of either of the instruments upon which appellants relied to establish their claims. The proceedings leading up to the introduction in evidence of the report were as follows: Respondents proved title and right of possession by the oral testimony of the respondent Andrew Pansini, and a grant deed conveying the property to respondents by The Lurie Company, the owner of the property. Pansini testified that pending negotiations for the purchase of the property and on July 1, 1939, respondents entered into possession as tenants from day to day at a rental of $40 a day; that thereafter the property was deeded to them by The Lurie Company, and that continuously since July 1, 1939, they had been and were then in possession of the property. The deed from The Lurie Company to them was offered and received in evidence. It was dated July 15th, acknowledged on July 21st, and recorded on August 1, 1939. On cross-examination and evidently for the purpose of showing knowledge on the part of respondents of the Arbuckle lease and the trust deed, respondent was asked whether during the negotiations for the purchase of the property Mr. Lurie ever told him "that the property was involved in some difficulties," and respondent gave a negative answer. Thereupon counsel for appellants called respondent's attention to certain testimony theretofore given by him by way of deposition to the effect that preceding the sale of the property to them The Lurie Company and respondents had entered into some sort of a written agreement; and counsel for appellants then asked for the agreement. It was produced and counsel for appellants started to read certain provisions therefrom. Objection was made upon the ground that no part of it could be read into the record unless the document itself was ad-

missible; whereupon counsel for appellants offered the agreement in evidence. Respondents objected on several grounds, among them being that the agreement was not in response to any issue made by the pleadings and had no bearing upon the case. In answer to the objection appellants' counsel stated: "I am offering it for the purpose of impeaching his testimony," and the court said, "For the purpose of impeachment, at least, the document is now admissible in evidence, and is received as Defendants' Exhibit A." The instrument proved to be an agreement of purchase and sale, and counsel for appellants then read the following provision therefrom: "Second parties agree to take title to said property subject to Exceptions one, two and four as shown on the preliminary report of Title Guarantee and Trust Company, of Los Angeles, No. 1173476, and to take said title temporarily subject to Exception three, the first party agrees to remove said Exception three within a reasonable time. First party agrees to pay title fees and any expenses involved in connection with the removal of said Exception three." The cross-examination then continued as follows: "With respect to Exception three, have you got the preliminary report of the title company? A. No, sir. Q. Have you seen the report? A. No, sir. Q. Do you know what exception three referred to in the agreement is? A. No, sir." Thereafter and as part of their case appellants offered the report in evidence, and it was admitted over respondents' objections that it was not the best evidence and did not tend to prove any of the issues in the case. The report is dated July 19, 1939, and the first line reads: "The Lurie Company, a corporation." Then after describing the property it purports to set forth the "exceptions" referred to in the agreement of purchase and sale. The first and second refer to taxes and an easement for a public street. The third is as follows: "3. A lease dated July 1, 1938, executed by The Lurie Company, a California corporation, as lessor, and by G. E. Arbuckle, as lessee, for the term of 99 years from July 1, 1938, upon terms, conditions and covenants therein provided recorded December 5, 1938, in Book 16291 Page 16 O. R. and as modified by agreement executed by said lessor and lessee dated November 30, 1938, recorded December 5, 1938, in Book 16182 Page 510 of O. R. said leasehold estate is subject to: . . ." Then follows the enumeration of several unrecorded subleases, and the recordation of two trust deeds purporting to have been executed by Arbuckle covering the

master lease, and given to secure loans. Mae B. Ingraham, who disclaimed, appears as the beneficiary in the first trust deed, and the appellants Alfonso T. Sepulveda, Concepcion Finley, Laura Thesing and Candelaria Bernstein in the other. However, appellants made no attempt to follow up by offering in evidence either the Arbuckle lease or the trust deed, nor did they offer in evidence any certified copies thereof or any oral testimony whatever concerning their execution or recordation; so that those instruments were connected with the case only indirectly by way of recital in the preliminary title report; and as will be noted, the agreement and title report were offered and received in evidence, not as proof of title or adverse claims, but only for the purpose of impeaching a statement made by respondent on cross-examination. It follows, therefore, that in the absence of any competent proof of the execution or recordation either of the Arbuckle lease or the trust deed, appellants failed to substantiate the allegations of their answers as to the existence of these alleged adverse claims.

 In contending that the recitals in said preliminary report do serve as competent proof of the matters therein recited, appellants seek to invoke the rule that "when a witness is a party to an action any statement made by that party may be considered not only for the purpose of impeachment but as an admission against interest and as proof of the facts in issue to which it relates." However, that rule has no application here for the simple reason that the preliminary title report was not the statement or declaration of either the respondents or The Lurie Company from which respondents derived title. As stated, it was an unsigned, uncertified report prepared by the title company making search of the title; and the testimony of both Pansini and Lurie shows that neither had ever seen the report or knew of its contents. Pansini's testimony, in this regard, has already been quoted; and Lurie testified that he was "under the impression that there was a title report," but that he did not know what it contained; that his attorney handled those matters. As shown by the cases cited by appellants on this point, in order to bring a statement or declaration within the operation of the rule contended for it must be shown that the statement or declaration was signed or made by the party against whose interest it is sought to have it apply; and that is not the situation here presented.

█ Appellants argue that since the agreement stated that respondents agreed ''to take said title temporarily subject to Exception three (3)'' as shown by the preliminary title report, which The Lurie Company agreed to remove within a reasonable time, respondents had actual notice of the contents of the title report. This contention is negatived by respondent's testimony wherein he stated positively that he had never seen the preliminary report and that he did not know what was referred to in the agreement as ''exception three.'' Appellants also argue that ''respondents had constructive notice of appellants' title by the prior recording of the instruments upon which appellants' title is founded.'' But as already pointed out, there is no competent proof upon which a finding could be based that the instruments so relied upon by appellants were ever executed or recorded.

█ Moreover and in any event, even though the recitals in the uncertified and unsigned preliminary title report could be considered as some evidence of the execution or recordation of the Arbuckle lease and trust deed, there would still be a fatal defect in appellants' proof in that they offered no evidence whatever in support of the allegations of their answers that said lease and trust deed were ''still in full force and effect.''

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 20, 1942.