

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1965

Honorable Wm. J. Burke
Executive Director
State Board of Control
Sam Houston Building
Austin, Texas 78711

Opinion No. C-496

Re: Various questions relat-
ing to rental of space
for government agencies
by the Board of Control.

Dear Mr. Burke:

Your request for an opinion on the above subject
matter asks the following questions:

"Our question is - 'Are such factors now
contained in the Bid Invitations such as size
of rooms, location of the rooms within the
building, the location of the rooms with re-
lation to the ground surface, the availability
of elevator service or the question of <u>attended</u>
elevator service, heating, air conditioning,
lighting, janitorial service and customer and
employee parking, important elements that con-
tribute to the ultimate determination of the
"lowest and best bid" and therefore rightfully
included in the Invitation to Bid?'

"Our second question is - 'When we re-
ceive bids which cannot be considered to be the
"lowest and best bids" to serve the best in-
terests of the intended occupant agency, are we
within our legal rights under the Bid Invitation
condition which provides that the Board may re-
ject any or all bids to reject such unacceptable
bids and to forthwith re-advertise for space in
the given location or city in another attempt to
obtain for the intended occupant state agency
the quarters which will more fully serve its
best interests and/or purposes.'"

Sections 1 and 2 of Article 666b, Vernon's Civil
Statutes, provide:

"Section 1. Hereafter all departments and
agencies of the State Government, when rental space
is needed for carrying on the essential functions

of such agencies or departments of the State Govern-
ment, shall submit to the State Board of Control a
request therefor, giving the type, kind, and size of
building needed, together with any other necessary
description, and stating the purpose for which it
will be used and the need therefor.

"Sec. 2. The State Board of Control, upon
receipt of such request and if the money has been
made available to pay the rental thereon, and if,
in the discretion of the Board such space is need-
ed, shall forthwith advertise in a newspaper, which
has been regularly published and circulated in the
city, or town, where such rental space is sought,
for bids on such rental space, for the uses indicated
and for a period of not to exceed two years. After
such bids have been received by the State Board of
Control at its principal office in Austin, Texas, and
publicly opened, the award for such rental contract
will be made to the lowest and best bidder, and upon
such other terms as may be agreed upon. The terms
of the contract, together with the notice of the
award of the State Board of Control will be submitted
to the Attorney General of Texas, who will cause to
be prepared and executed in accordance with the terms
of the agreement, such contract in quadruplicate; one
of which will be kept by each party thereto, one by
the State Board of Control, and one by the Attorney
General of Texas. The parties to such contract will
be the department or agency of the government using
the space as lessee and the party renting the space
as lessor." (Emphasis supplied)

In awarding contracts to bidders submitting the lowest
and best bid, the awarding agency may take into consideration,
in addition to price, the quality of the rental space, the
adaptability to the particular use required, and the ability,
capacity, experience, efficiency and integrity of the bidders,
as well as their financial responsibility. Attorney General's
Opinion V-1565 (1952). In Attorney General's Opinion V-1565
it was pointed out:

"Article 2368a /Vernon's Civil Statutes7
requires that the contract be let 'to the lowest
responsible bidder.' The phrase 'lowest respon-
sible bidder' has a well defined meaning. For
a collection of cases see 25 Words and Phrases
(Perm. Ed. 1940) 714. In determining the lowest
responsible bidder the commissioners' court is
not performing a mere ministerial duty but is

exercising a duty which is deliberative and discretionary. Att'y Gen. Op. V-1536 (1952). The commissioners' court may take into consideration the quality of the product, the adaptability to the particular use required, and the ability, capacity, experience, efficiency and integrity of the bidders as well as their financial responsibility. Mitchell v. Walden Moter Company, 235 Ala. 34, 177 So. 151 (1937); Kelling v. Edwards, 116 Minn. 484, 134 N.W. 221 (1912); People v. Kent, 160 Ill. 655, 43 N.E. 750 (1896); Picone v. City of New York, 29 N.Y.S.2d 539 (1941); Hodgeman v. City of San Diego, 53 Cal.App.2d 610, 128 P. 2 412 (1942)."

Thus, it was concluded that the commissioners' court had the authority to accept the higher of two bids on the purchase of a dump truck since the truck involved in Attorney General's Opinion V-1565 was better adapted to the particular use intended by the commissioners' court.

Additional cases defining "lowest and best bidder" and construing the discretion conferred on governmental agencies in awarding contracts are as follows: State v. Hermann, 59 N.E. 104, 63 Ohio St. 440 (1900); Wilmott Coal Co. v. State Purchasing Commission, 54 S.W.2d 634, 246 Ky. 115, 86 ALR 127 (1932); Altschul v. City of Springfield, 193 N.E. 788, 48 Ohio App. 356 (1933); Fetters v. Mayor and Council of Wilmington, 74 A.2d 470, 31 Del. Ch. 364 (1950); 27 ALR 2d. 925 (1951).

The underlined portion of Section 1 of Article 666b reveals that the principle of law announced in Attorney General's Opinion V-1565 is equally applicable to the authority of the Board of Control in awarding rental contracts for space for government agencies. It is noted that the request for space should give not only the type, kind and size of building needed, but should contain other necessary description as will afford the using agency acceptable space adaptable to the particular use required.

You are therefore advised that the bid invitation may contain specifications such as "size of rooms, location of the rooms within the building, the location of the rooms with relation to ground surface, the availability of elevator service or the question of attended elevator service, heating, air conditioning, lighting, janitorial service and customer and employee parking" and other important elements which will aid the Board of Control in making the ultimate determination as to who has submitted the lowest and best bid.

In answer to your second question, when the Board of Control receives bids which cannot be considered to serve the best interests of the intended occupant, the Board of Control

has the authority and it is its duty to reject such bids. Whenever the Board of Control deems it to the best interest of the State, it has the authority to reject all bids and re-advertise for space in the given location or city in another attempt to obtain suitable space for the intended occupant.

## SUMMARY

In awarding a contract for rental space for government agencies to the lowest and best bidder, pursuant to the provisions of Article 666b, Vernon's Civil Statutes, the State Board of Control may consider the adaptability of the space to the particular use required by the intended occupant, and the bid invitations may contain such factors as size of rooms, location of the rooms within the building, the location of the rooms with relation to ground surface, the availability of elevator service or the question of attended elevator service, heating, air conditioning, lighting, janitorial service, and customer and employee parking.

Whenever the Board of Control receives bids which are not considered to serve the best interests of the intended occupant, the Board of Control has the authority to reject such bids.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:mcn

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Dean Arrington
James Broadhurst
Ivan Williams
Tom Routt

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright                    -2346-