285 So.2d 920

**STUART CONSTRUCTION CO., INC.,**
**a corp.**

**v.**

**VULCAN LIFE INSURANCE CO.,**
**a corp., et al.**

**S.C. 387.**

Supreme Court of Alabama.

Nov. 15, 1973.

Rehearing Denied Dec. 13, 1973.

James L. Shores, Jr., Birmingham, for appellant.

Wilters & Brantley, Bay Minette, and John S. Foster, Birmingham, for appellee, Vulcan Life Ins. Co.

Inge, Twitty, Duffy & Prince and E. L. McCafferty, III, Mobile, for appellee Fred Renneker, Jr., and Associates, Inc.

Balch, Bingham, Baker, Hawthorne, Williams & Ward and Edward S. Allen, Birmingham, for appellee Brasfield & Gorrie, Inc.

**FAULKNER, Justice.**

This is an appeal from a judgment of nonsuit entered by the Circuit Court of Baldwin County on motion of Stuart Construction Co., Inc., after the court sustained demurrers to the amended complaint.

The amended complaint is as follows:

"The plaintiff, Stuart Construction Co., Inc., an Alabama Corporation having its principal place of business at Bay Minette in Baldwin County, Alabama, and licensed by the State of Alabama to do business as a general contractor, claims the sum of $50,000.00, as damages from the defendants Vulcan Life Insurance Company, a corporation (hereinafter referred to as 'Vulcan'), Fred Renneker & Associates, Inc., a corporation organized under the laws of the State of Alabama for the purpose of rendering architectural services (hereinafter referred to as 'The Architects'), and Brasfield & Gorrie, Inc., an Alabama corporation having its principal place of business in Birmingham, Jefferson County, Alabama, and licensed by the State of Alabama to do business as a general contractor (hereinafter referred to as 'Brasfield & Gorrie') for that:

"On or about December 15, 1970, Vulcan's executive committee approved the purchase of and Vulcan did acquire a building site for location of an office in Homewood, Alabama. Sometime after March 31, 1971, Vulcan engaged the services of the Architects to design and to prepare plans and specifications for the purposed office building and, at a meeting on or about December 22, 1971, Vulcan's executive committee and representatives of the Architects, decided to issue invitations to business firms licensed by the State of Alabama to do business as general contractors, to submit bids to Vulcan on or before January 25, 1972, stating the amount of money each bidding contractor would require for the construction of the office building.

"Coincident with the decision to issue invitations to bid on the construction of the office building, on some date in the year 1971 prior to December 22, 1971, which date is unknown to the plaintiff, Vulcan and the Architects entered into a conspiracy with Brasfield & Gorrie wherein it was agreed that Brasfield & Gorrie would be one of the contractors that would bid on the construction of the office building and further agreed that Vulcan would award the contract for the construction of the office building to

Brasfield & Gorrie without regard to the amounts bid by the other bidding contractors and without regard to whether the bid submitted by Brasfield & Gorrie would be the lowest bid submitted for the building.

"Pursuant to the conspiracy, on or about December 23, 1971, through the Architects, it was made known to the general contracting industry and to the plaintiff that Vulcan was accepting bids from general contractors, and the plaintiff, being unaware of the conspiracy to award the contract to Brasfield & Gorrie, contacted the Architects for the purpose of obtaining an invitation to bid. Thereafter, in furtherance of the conspiracy, the conspirators did wrongfully and with malice interfere with the plaintiff's business by issuing to plaintiff an invitation to submit a bid, all the while knowing of the time, expense and effort that the plaintiff would incur in preparing and submitting a bid.

"Unaware of the conspiracy and with the expectation that Vulcan would fairly and honorably award the construction contract to the low bidder, the plaintiff instructed its employees to perform the work necessary for the preparation and submission of a bid and did submit its bid on the building, within the time specified, in the amount of $1,549,405.00. The bids of the plaintiff and the other four invitees, including Brasfield & Gorrie, were opened and examined on January 25, 1972, at a meeting of Vulcan's board of directors, which meeting was also attended by Vulcan's executive and building committees. After the bids were opened, Vulcan instructed its building committee to study the bids and award the building contract to the lowest qualified bidder.

"On or about February 2, 1972, pursuant to the conspiracy, Vulcan's building committee awarded the contract to construct the building to Brasfield & Gorrie, although Brasfield & Gorrie's bid, in the amount of $1,557,630.00, was $8,225.00 higher than the bid submitted by the plaintiff and although the plaintiff's bid was deficient in no respect whatsoever, and conformed in all respects to the plans and specifications for the building supplied to the plaintiff by the Architects. The plaintiff alleges that its qualifications to construct the building on which it bid in the manner described above equal or exceed those of Brasfield & Gorrie, and that the contract was awarded to Brasfield & Gorrie solely in furtherance of the conspiracy described above.

"Wherefore, plaintiff demands judgment against the defendants for its damages, and for punitive damages, in the aggregate sum of $50,000.00."

The issue before us is whether Stuart's amended complaint alleged conduct by Vulcan, Renneker, and Brasfield which amounted to an interference with business expectancy pursuant to a civil conspiracy. We agree with the lower court. The demurrers should be sustained.

■ All parties here are private corporations. There is no statute or body of case law in this State requiring private corporations to engage in competitive bidding. When a private corporation invites contractors to submit bids for the construction of a building, that corporation is under no duty to award the contract to the lowest qualified bidder, unless a statute or ordinance so requires. Mitchell v. Walden Motor Co., 235 Ala. 34, 177 So. 151 (1937).

■ From the allegations of the amended complaint it does not appear that Vulcan was under a duty to award the contract to Stuart or any other bidder. There is no allegation that Vulcan did not have the right to reject Stuart's bid. Indeed, all that Stuart alleges in this regard is that it expected Vulcan would "fairly and honora-

bly award the construction contract to the *low bidder.*" There is a further allegation that "Vulcan instructed its building committee to study the bids and award the building contract to the *lowest qualified bidder.*" There is a difference between *low bidder* and *lowest qualified bidder.* It was Vulcan's right to decide for itself who was the lowest qualified bidder. In examining the complaint further we do not find that Stuart was even the lowest bidder. All that is alleged is that Stuart's bid was lower than Brasfield's bid. Stuart does not allege that any promise or inducement was made by Vulcan to Stuart to get it to submit a bid. There was not alleged any business relationship between Stuart and Vulcan. Boiled down to its practical situation, it was, "You pays your money, and you takes your choice."

This court has defined conspiracy as a combination to accomplish an unlawful end or to accomplish a lawful end by unlawful means. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251 (1954); Gaines v. Malone, 244 Ala. 490, 13 So.2d 870 (1943).

We have never held that there is any civil liability for a conspiracy unless there is an actionable wrong. This court in O'Dell v. State, 270 Ala. 236, 117 So.2d 164 (1959) said:

> "Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed."

The complaint failed to allege any actionable wrong, and since there appears to be no actionable wrong committed against Stuart in this case, an action for civil conspiracy standing alone will not lie.

Affirmed.

COLEMAN, HARWOOD, McCALL and JONES, JJ., concur.