Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Is a county sheriff, by law, required to utilize a system of competitive bids when purchasing goods for his office?
2. In the absence of an express or implied statutory requirement for bidding, are there circumstances under which the sheriff should or must make purchases on competitive bids, such as the effectuation of `public policy' or as a matter of `good business' or because to do so would serve the `common good' or in light of such other relevant considerations as may exist?
3. In the absence of the sheriff's being required as a matter of law or other considerations to secure competitive bids in making purchases, may he do so, and, if so, may he expend reasonable amounts of the public funds of his office in so doing (such as advertising costs)?
SUMMARY:
In the absence of statutory requirement for competitive bidding, sheriffs are not required by law or public policy to enter into competitive bidding in making purchases of goods, supplies, and equipment. Sheriffs may, but are not required to, utilize a system of competitive bids when purchasing goods, supplies, and equipment for their offices and may expend reasonable amounts of public funds to advertise for and secure such bids.
AS TO QUESTION 1:
Your first question is directed to whether sheriffs are required by law to purchase goods and equipment for his office by competitive bidding. Assuming that there are no special laws or general law of local application that impose such a requirement upon a sheriff of a particular county, your question is answered in the negative.
As this office has previously stated, sheriffs, although constitutional officers, are county administrative officers wholly dependent upon statutory authority for their powers and duties, as are other county administrative officers. See AGO's 076-171 and 075-161; see also White v. Crandon, 156 So. 303, 305 (Fla. 1934); Lang v. Walker, 35 So. 78 (Fla. 1903); 67 C.J.S. Officers s. 102. The general powers and duties of sheriffs are set forth in Ch. 30, F. S. An examination of Ch. 30 and of Ch. 125, F. S., relating generally to counties, reveals no provision requiring sheriffs or any other county officer to utilize a competitive bidding system when making purchases. A statute which formerly required counties
to submit to competitive bidding in purchasing goods, supplies, and materials (s. 125.08, F. S. 1969), was repealed by Ch. 71-14, Laws of Florida, amending s. 125.01, F. S., to implement the home rule provisions of s. 1, Art. VIII, State Const. The counties may now provide by ordinance for the procedure to be used in that county for purchasing materials, equipment, and supplies or may deal with each contract or purchase on an individual basis, with or without competitive bidding, as may best serve the public interest. Attorney General Opinion 071-366. Even so, sheriffs are statutorily guaranteed their independence from the counties in making purchases. Section 30.53, F. S., provides in pertinent part:
 The independence of the sheriffs shall be preserved concerning the purchase of supplies and equipment, selection of personnel, and the hiring, firing and setting of salaries of such personnel . . . .
See AGO 057-369, in which this office stated that a provision containing substantially the same language as s. 30.53, F. S., see
Ch. 57-368, Laws of Florida, authorized the sheriff to make his own purchases. To require him to submit his needs to the board of county commissioners for competitive bids would effectively take away his purchasing power and place it back in the board of county commissioners. Neither s. 30.53, F. S., nor any other provision of Ch. 30 requires that sheriffs take competitive bids in purchasing goods, supplies, and equipment; s. 30.53, F. S., however, does grant the sheriff the discretion and power to make his own purchases and to select his personnel subject only to certain conditions not applicable to the instant inquiry.
Additionally, sheriffs are not subject to the competitive bidding requirements contained in part I, Ch. 287, F. S., the State Purchasing Laws. Part I, Ch. 287 (except s. 287.055, F. S.), applies only to the purchase of commodities by state agencies. The sheriff as a county officer is not a state agency and thus is not subject to the competitive bidding requirements contained therein.Cf. AGO's 076-202, 074-154, 074-7, 073-374, and 073-32.
Thus, my examination of Ch. 30, F. S., and the general laws of the state relating to sheriffs fails to reveal any requirement that a sheriff purchase his goods, supplies, and equipment through competitive bidding nor has any general law of local application or special law imposing such a requirement on a sheriff been brought to my attention; accordingly, I am of the opinion that sheriffs are not required by general law to enter into competitive bidding in making purchases of goods, supplies, and equipment.
AS TO QUESTION 2:
Your second question is directed to whether, in the absence of a statute so requiring, sheriffs should or must make such purchases by competitive bidding in light of `public policy.' In this regard, you refer to several opinions issued by my predecessor in which this office stated that, although a legal requirement to take competitive bids may not exist, the strong public policy of this state suggests, if not requires, that expenditures of public funds be made by competitive bidding whenever possible. See AGO's 051-396 and 066-9. You refer to AGO 057-369 in which this office stated that, although it did not appear that sheriffs were required by law to take competitive bids, `public policy indicates that competitive bids should be taken even when not required by law, and I believe it would be in the public interest to receive them.' See also AGO 058-61 which states:
 [A]lthough there is no expressed requirement that contracts for the erection, construction or alteration of State buildings be let on competitive bids, the public interest in such matters requires that continued recognition of this extremely strong public policy be maintained for the common good. This fundamental policy is so firmly a part of the operation of the State of Florida, that unless some extreme emergency or unusual circumstance exists, whereby the best interest of the State will not be served by adherence thereto, this policy must be maintained. (Emphasis supplied.)
In contrast, this office stated in AGO 073-259 that `[t]here is no common law rule or public policy which mandates that a public body utilize competitive bidding procedures.' (Emphasis supplied.)
This office is without the authority to declare what the public policy of the state is or should be; that is the prerogative of the Legislature. Cf. State ex rel. Cummer v. Pace, 159 So. 679,681 (Fla. 1935); State v. Barquet, 262 So.2d 431 (Fla. 1972); Golden v. McCarty, 332 So.2d 388 (Fla. 1976) (that which is harmful or injurious to public is for Legislature to decide). The Legislature has not required sheriffs, under the general laws of this state, to take competitive bids when making purchases. In fact, s. 30.53 appears to assure the sheriffs' independence in making purchases and to grant them the discretion and power to determine the manner in which purchases are to be made subject only to the limitation that their discretion may not be abused or illegally exercised. Thus, the Legislature has not declared it to be the public policy of this state that expenditures of public funds be made only by competitive bidding. See 82 C.J.S. Statutes
s. 352 (`Public policy is declared by the action of the Legislature, not by its failure to act.').
Moreover, I am not aware of any Florida court which has expressly held that, in the absence of a statute requiring competitive bidding, the public policy of the state requires that competitive bids be taken although the courts have recognized the public policy involved in competitive bidding statutes. See Anderson v. Fuller, 41 So. 684, 687 (Fla. 1906) (`The purpose and intent of the law in requiring such contracts to be let to the lowest responsible bidder for the work is to secure the public improvement at the lowest reasonable cost.'); Wester v. Belote,138 So. 721, 724 (Fla. 1931), in which the court stated:
 Laws of this kind requiring contracts to be let to the lowest bidder are based upon public economy, [and] are of great importance to the tax payers . . . .
 In so far [sic] as they thus serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all bidders, they remove temptation on the part of public officers to seek private gain at the taxpayers' expense, are of highly remedial character, and should receive a construction always which will fully effectuate and advance their true intent and purpose and will avoid the likelihood of same being circumvented, evaded, or defeated. (Citations omitted.)
See also Robert G. Lassiter Co. v. Taylor, 128 So. 14, 17 (Fla. 1930); City of Miami Beach v. Klinger, 179 So.2d 864 (Fla. 3 D.C.A., 1965); Armco Drainage and Metal Products, Inc. v. County of Pinellas, 137 So.2d 235 (2 D.C.A. Fla., 1962); cf. McQuillinMunicipal Corporations s. 29.29 (purpose of inviting competition is to guard against favoritism, improvidence, extravagance, fraud, and corruption and to secure the best work and supplies at the lowest price practicable). In fact, Florida courts appear to be in accord with the general principle as stated in Mitchell v. Walden Motor Co., 177 So. 151, 153 (Ala. 1937),
 . . . competitive bidding and any requirement to accept the lowest bidder is purely a matter for legislative consideration. If not required by statute, competitive bidding is not necessary . . . . And, in the absence of any such statute, the contract may be made by any practicable method that will safeguard the public interest.
See Brown v. City of St. Petersburg, 153 So. 140 (Fla. 1933), holding that the authority granted by the city's charter to the city manager to make purchases or sales could be exercised without competitive bidding in the absence of an ordinance, rule, or regulation so requiring; William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (2 D.C.A. Fla., 1960), stating that a public body is not required unqualifiedly to award a contract to the lowest bidder unless there is a statute imposing such a requirement; and Armco Drainage and Metal Products, Inc. v. County of Pinellas, 137 So.2d 234 (2 D.C.A. Fla., 1962), in which the court, quoting with approval Rhyne's Municipal Law s. 10-6, p. 262 (1957), stated:
 In making its contract a municipal corporation need not advertise for bids and let to the lowest bidder in the absence of a charter or statutory requirement; nor need it let to the lowest bidder, if, in the absence of the statutory requirement, it adopts a policy of advertising for bids.
See also 63 C.J.S. Municipal Corporations s. 996.
Thus, in the absence of a legislative or judicial determination to the contrary, it is the opinion of this office that, in the absence of an express statutory requirement for competitive bidding, a sheriff is not required as a matter of public policy to make purchases on competitive bids. To the extent and only to the extent that any previous opinions of this office are in conflict with this opinion, they are hereby modified and superseded.
AS TO QUESTION 3:
It was my opinion in the previous two questions that sheriffs are not required by general law or by public policy to secure competitive bids in purchasing goods, supplies, and equipment for their offices. In the absence of such a requirement, a sheriff may contract `by any practicable method that will safeguard the public interest,' see AGO 071-366 quoting Mitchell v. Walden Motor Co.,177 So. 151, 153 (Ala. 1937). He is required only to act in good faith and to the best interest of the public and it is within his discretion whether or not to let the contract by means of competitive bidding. Cf. McQuillin Municipal Corporations s. 29.31; State ex rel. Roberts v. Knox, 14 So.2d 262 (Fla. 1943) (discretion conferred by law on officer must be exercised according to established rules of law and not in arbitrary or capricious manner or for personal, selfish, or fraudulent motives or for any reason not supported by discretion conferred); Atlantic Coast Line R. Co. v. State, 143 So. 255 (Fla. 1932); Mayes Printing Co. v. Flowers, 154 So.2d 859 (1 D.C.A. Fla., 1963) (discretion in awarding contracts may not be exercised arbitrarily or capriciously). See also 67 C.J.S. Officers ss. 102(a), p. 368 and 103(a), p. 372. Thus, a sheriff may, in the exercise of his discretion, determine that, in the best interests of the public, purchases for the sheriff's department should be made on the basis of competitive bidding. Indeed, as expressed in the authorities cited in response to your second question, purchases by competitive bids are commendable and frequently guard against favoritism and fraud and greatly aid in acquiring the best work and supplies at the lowest price possible.
A general grant of power unaccompanied by definite direction as to how the power or authority is to be exercised implies a right to employ the means the methods necessary to comply with the statute. 67 C.J.S. Officers s. 103(a). Thus, when the law imposes a duty or power on an officer, it also confers by implication such powers as are necessary for the due and efficient exercise of those powers or duties expressly granted or such as may be fairly implied therefrom. See State ex rel. Martin v. Michell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged, 192 So.2d 281 (Fla. 1966);In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963); cf. Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1923); Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936). If a sheriff determines that in the best interest of the public competitive bids should be taken, he may employ any method that is reasonable to accomplish that purpose. This office and the courts of this state have held that public funds may be spent only for a public purpose of function which the public body or officer is expressly authorized by law to carry out or which must be implied in order to carry out the purpose or function expressly authorized. See Davis v. Keen, 192 So. 200 (Fla. 1939); State v. Town of North Miami, 59 So.2d 779 (Fla. 1952); O'Neill v. Burns,198 So.2d 1 (Fla. 1967); Florida Development Comm. v. Dickinson,229 So.2d 6 (1 D.C.A. Fla., 1969); AGO's 071-28, 074-74, 074-192, and 075-299. Since it is my opinion that a sheriff within the scope of his duties and functions and in his discretion may take competitive bids in making purchases for goods, under the foregoing authorities, public funds may be spent to carry out this purpose. Accordingly, he may expend reasonable sums to advertise for such bids if such funds are available and properly budgeted and appropriated.
I am, therefore, of the opinion that a sheriff may in the exercise of his discretion determine that it would be in the best interests of the public if purchases for his department were made by competitive bidding, and to accomplish this he may expend reasonable funds to advertise and secure such bids. To the extent that any previous opinions of this office are in conflict with this opinion, they are hereby modified and superseded to that extent.
Prepared by: Joslyn Wilson, Assistant Attorney General