Dear Mr. Nielander:
On behalf of the Spring Lake Improvement District you ask the following questions:
 1. Is the Spring Lake Improvement District authorized to sell or otherwise convey real property?
 2. If so, what procedures should the district follow in disposing of such property?
Question One
The Spring Lake Improvement District (district) was created by Ch. 71-669, Laws of Florida, and while not specifically authorized to sell or convey district real property, was authorized to exercise any and all other powers conferred upon drainage and water control districts by chapter 298, Florida Statutes.[1] In 2005, pursuant to a legislative mandate, all of the special acts relating to the district were codified, in order to provide a single, comprehensive special act charter for the district, which included all current legislative authority granted to the district by its several legislative enactments and any additional authority granted by the act.[2]
This office has previously recognized that the authority of a special district to convey real property purchased by the district with public funds is a substantive power for which specific statutory authorization must exist.[3] In Attorney General Opinion 2004-48, it was found that a water control district had no authority in its enabling special act to lease, sell or otherwise convey or dispose of surplus real property of the district for revenue-raising purposes, nor did the legislative grant of powers in relevant provisions of Chapters 189, 197 and 298, Florida Statutes, bestow such authority on the district.
During the 2005 legislative session, section 298.22(3), Florida Statutes, was amended to expand the authority of water control districts to "purchase, sell, lease, convey, or transfer real
or personal property[.]"[4] (e.s.) Section 10(27), Ch.2005-342, Laws of Florida, in codifying the special acts, authorizes the district to exercise any and all other powers conferred upon drainage districts by chapter 298, Florida Statutes.[5]
Accordingly, the expansion of the general authority of water control districts under Chapter 298 to sell or convey real property would now allow the water control district to sell or otherwise convey real property.
Question Two
As a statutorily created entity, a water control district may only exercise such powers as have been expressly granted by statute or must necessarily be exercised in order to carry out an express power. Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[6] The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers that are necessarily or fairly or reasonably implied as an incident to those powers.[7]
A review of the district's enabling legislation does not reflect any direction for the district's disposal of surplus real property, nor is there any provision in Chapter 298, Florida Statutes, that prescribes a manner for such disposal. As discussed above, however, water control districts now possess the authority to sell or otherwise convey real property under Chapter 298. Obviously, this express grant of authority carries the attendant powers to accomplish it.
It appears clear that the Legislature has granted special districts the authority to sell or convey real property and has left it up to the districts, where not otherwise prescribed by their enabling legislation, to exercise their own discretion to determine what terms, conditions, and methods to employ in exercising the power to sell or dispose of surplus real property. While this office cannot prescribe a manner to be followed by a water control district where none has been provided in the district's enabling legislation, it may be helpful to consult legislation regarding districts that have been provided such direction. For example, as discussed in Attorney General Opinion 86-90, the enabling legislation for the Loxahatchee River Environmental Control District allowed it to sell or convey real property "which it finds is not needed to carry out the purposes of this act[.]" At a minimum, therefore, it would appear logical that the district must initially determine that real property it wished to sell was no longer needed to carry out the district's purpose. Moreover, general provisions regarding the disposal of real property owned by a county or the state may be instructive in assuring that the district disposes of surplus real property in a manner most advantageous to the district.[8] As previously recognized by this office, however, there is no common law rule or public policy mandating that a public body utilize competitive bidding procedures.[9]
Absent a clear legislative directive, however, the district should take reasonable actions in selling or conveying real property determined to no longer be necessary for the purposes of the district.[10]
Sincerely,
 Charlie Crist Attorney General
CC/tals
[1] See s. 9(24), Ch. 71-669, Laws of Fla.
[2] Section 1, Ch. 2005-342, Laws of Fla.
[3] See Op. Att'y Gen. Fla. 04-48 (2004). Cf., Op. Att'y Gen. Fla. 86-90 (1986) (environmental control district lacked authority to grant a long-term lease for surplus real property to a nonprofit private organization, despite broad grant of legislative authority to convey surplus real property to other governmental agencies).
[4] Section 1, Ch. 2005-238, Laws of Fla. Prior to this amendment, the district's supervisors in this regard could
 "build and construct any other works and improvements deemed necessary to preserve and maintain the works in or out of said district; acquire, construct, operate, maintain, use, sell, convey, transfer or otherwise provide for pumping stations, including pumping machinery, motive equipment, electric lines and all appurtenant or auxiliary machines, devices or equipment. Section 298.22(3), Fla. Stat. (2004)."
[5] See s. 9(24), Ch. 71-669, Laws of Fla.
[6] See Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenberg v. FloridaState Board of Dentistry, 297 So. 2d 628 (Fla. 1st DCA 1974),cert. dismissed, 300 So. 2d 900 (Fla. 1974); City of CapeCoral v. GAC Utilities, Inc., of Florida, 281 So. 2d 493 (Fla. 1973). And see e.g., Ops. Att'y Gen. Fla. 02-30 (2002) and 04-48 (2004).
[7] See, e.g., Gardinier, Inc. v. Florida Department ofPollution Control, 300 So. 2d 75, 76 (Fla. 1st DCA 1974);Williams v. Florida Real Estate Commission, 232 So. 2d 239, 240
(Fla. 4th DCA 1970).
[8] See s. 125.35(1)(a), Fla. Stat., stating that the board of county commissioners is authorized to sell and convey real property, whenever the board determines that it is in the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be highest and best, and s. 253.034(6), Fla. Stat., directing that the Board of Trustees of the Internal Improvement Trust Fund shall determine which lands, the title to which is vested in the board, may be surplused: for conservation lands, the board shall make a determination that the lands are no longer needed for conservation purposes and may dispose of them by an affirmative vote of at least three members; in the case of a land exchange involving the disposition of conservation lands, the board must determine by an affirmative vote of at least three members that the exchange will result in a net positive conservation benefit; for all other lands, the board shall make a determination that the lands are no longer needed and may dispose of them by an affirmative vote of at least three members.
[9] See Op. Att'y Gen. Fla. 73-259 (1973).
[10] Cf., Op. Att'y Gen. Fla. 78-122 (1978) (absent legislative directive, the sheriff is not required to use competitive bidding and may contract by any practicable method that will safeguard the public interest; he is required only to act in good faith and in the best interest of the public. See
Op. Att'y Gen. Fla. 71-366 (1971), quoting Mitchell v. WaldenMotor Co., 177 So. 151, 153 (Ala. 1937). It is within his discretion whether or not to let a contract by means of competitive bidding. See also State ex rel. Roberts v. Knox,14 So. 2d 262 (Fla. 1943) (discretion conferred by law on officer must be exercised according to established rules of law and not in arbitrary or capricious manner or for personal, selfish, or fraudulent motives or for any reason not supported by discretion conferred).