CARROLL, DONALD, K., Judge.
The respondent in a habeas corpus proceeding has appealed from two orders entered by the Circuit Court for Marion County, awarding the custody of the petitioner’s minor child to the petitioner and denying the respondent’s motion to dismiss the petition for the writ.
The two questions presented for our determination in this appeal are: whether habeas corpus is the appropriate remedy to change the provisions of a divorce decree as to the custody of a minor child where the respondent was not a party to the original divorce action but has custody of the child by virtue of a valid court order rendered in the original divorce action; and whether the lower court erred in denying the respondent’s motion to dismiss the petition for a writ of habeas corpus when that petition fails to allege any facts relating to a change of circumstances affecting the welfare of the child other than that the petitioner has remarried and is in a better position to care for and support the child.
The following are facts established in the record before us, pertinent to the above questions:
The petitioner, Nora Jean Ritch Montgomery, and her then husband, Arthur Junior Coker, were divorced in 1963, by a final decree entered by the Tift Superior Court, Tift County, State of Georgia. In the decree the Georgia court ordered that the parties’ one minor child, a daughter then ten months old, be placed in the care and custody of the husband’s mother, the respondent, Mrs. Coker, with visitation privileges reserved in the petitioner.
Subsequent to the entry of the said Georgia decree the respondent and her husband moved their residence from the State of Georgia to the State of Florida, her present address being at or near Okla-waha, Florida, taking with them the said minor child.
The petitioner in 1969 filed the subject petition for a writ of habeas corpus, alleging the foregoing and also averring that, at the time of the Georgia divorce she had “no way of taking care of said child and for such reason only she consented that the custody of such child be given to the respondent herein with the expectation, however, that the Respondent would continue to reside in the State of Georgia, that Petitioner would have all of the rights to visit with said child in the State of Georgia and that in the event of a change in her circumstances she could regain the custody of said child.” Later the petitioner alleges in her petition that at all times she has been a fit and proper person to have the custody of her child and that, since the said divorce was decreed, she “has remarried and is capable of supporting said child.”
At a hearing on the above petition and the respondent’s motion to dismiss it, the Circuit Court entered the order appealed from herein, denying the said motion and holding that the custody of the minor child was not actively litigated in the Georgia court; that the custody of the said child was delivered to the respondent “with the consent of the petitioner herein because of distressing financial circumstances to the mother and not by reason of any lack of love and affection for her child”; that there has been a material change in the circumstances of the petitioner; and that the welfare and best interest of the child “are that the custody should now be vested with the mother, the petitioner herein.” The court then ordered that the child’s custody be returned to the petitioner and that the child “may be returned to Georgia.”
As to the first question raised by the appellant in this appeal — whether habe-as corpus is an appropriate remedy in this case — there are numerous Florida decisions upholding habeas corpus as appropriate un *492 der circumstances analogous to those in the case at bar.
For example, in Morris v. Kridel, 179 So.2d 130 (Fla.App.1965), a father who had custody of his child under a New Jersey decree filed habeas corpus proceedings in Florida against the child’s maternal grandparents, who had removed the child to Florida. The District Court of Appeal, Second District of Florida, noted that the lower court considered itself to be bound by the New Jersey decree to the extent that it refused to determine the issue of who should have custody of the child in habeas corpus proceedings. The District Court of Appeal held that this was error and that the lower court should have determined the said issue, saying:
“On remand, the trial judge may properly consider the New Jersey decree as a factor in deciding the custody issue. However, he is not bound by the full faith and credit clause to automatically enforce the New Jersey decree. Under the comity principle the trial judge may, in his discretion, enforce the New Jersey decree, but only after he has determined whether it is in the best interests of the child to do so. We note several guidelines for determining whether a foreign decree is entitled to recognition under the comity principle in a custody case. They are: (1) the length of time which has elapsed since the decree; (2) whether the custody issue was actively litigated by the same parties now before the court; and (3) whether there has been a change in any material circumstances affecting the fitness of the parties relevant to the custody of the child.”
Similarly, in Fox v. Fox, 179 So.2d 103 (Fla.App.1965), a habeas corpus proceeding was instituted in a Florida court by a father to obtain the custody of his minor children, who were brought to Florida by the mother in violation of a divorce decree and order of an Indiana court, which had awarded the temporary custody of the children to the father and ordered them to remain within the Indiana court’s jurisdiction. The District Court of Appeal, Third District of Florida, held that, when a Florida court has jurisdiction of the parties and the children in a contest relating to their custody, even though a final order conferring such custody may have been made in a foreign state, the Florida court has the duty to decide the issue of such custody on the merits. The District Court of Appeal then held:
“The Florida decisions show that even if the father in seeking custody here had been armed with an order of the Indiana court purporting to grant him permanent custody, under neither the doctrine of full faith and credit nor of comity would it have been proper for the Florida court to defer to the foreign jurisdiction and direct the return of the child there to abide its order.”
In view of the foregoing decision we conclude that this habeas corpus was properly instituted by the petitioner to determine the issue of the custody of her minor child.
While the petitioner did not make her former husband a party to these proceedings, his mother, the respondent, who had custody of the child, was made a party, and we find in the record no indication of any harm resulting from the failure to make him a party. He may have been a proper party, but we do not think that he was a necessary or indispensable party.
We also think that the order appealed from complies with the three guidelines set forth in the above quotation from the Morris case, supra: (1) The minor child was 10 months old when the Georgia decree was entered on July 5, 1963, and was about six and a half years old when the order appealed from was entered on March 4, 1969. (2) The court could have concluded from the verified petition that the issue of custody was not actively litigated *493 in the Georgia case, which allegation the respondent in her answer said she had no information on. (3) There was sufficient change of circumstances to justify the order appealed from resulting from her remarriage and her increased financial ability to care for the child. In addition, we have no doubt that, in reaching its conclusion, the court gave weight to the fact that the petitioner is the mother of the child in question.
For the foregoing reasons, the order appealed from herein must be and it is
Affirmed.
JOHNSON, C. J., and RAWLS, J., concur.