WIGGINTON, Judge.
This appeal seeks reversal of a final judgment in habeas corpus by which appellant, as petitioner in the trial court, sought physical possession óf his two minor grandchildren.
Appellant is the maternal grandfather of the two minor children involved in this proceeding, whose parents were killed in an automobile accident that occurred in the State of Ohio. After the minors were hospitalized following the accident, they were taken into temporary custody by an uncle and aunt living in the city where they were receiving medical treatment. Appellant grandfather, a resident of West Virginia, applied to and received a certificate issued by the clerk of the probate court where he resided purporting to appoint him as guardian of the two children. This occurred while the children were still in the hospital in Ohio; prior to the accident, they had resided with their parents in the State of Michigan. Appellant’s subsequent efforts to gain physical custody of the children were thwarted by his own son and daughter-in-law who delivered them to appellee paternal grandfather, who immediately transported them to Florida where they now reside in Volusia County. Appellant brought this action in habeas corpus in the Circuit Court of Volusia County seeking a judgment requiring appellee paternal grandfather to surrender possession of the children to appellant for their return to West Virginia. After hearing the testimony of the parties and the evidence adduced in behalf of their respective positions, the trial court denied appellant’s prayer for relief and appointed appellee as the legal guardian of the children with the right to their custody and control.
Appellant concedes that assuming the order appointing him as guardian of the minors to be a valid judgment or decree of a court of competent jurisdiction, it is nevertheless not entitled to recognition and enforcement by the Florida court under the full faith and credit doctrine. He does contend, however, that it is entitled to recognition and consideration under the rule of comity prevailing among the several states of our country. Such contention is in accordance with *517 the established law of this state.[1] It is appellant’s position that the trial court erred by failing to give consideration to the West Virginia court order appointing him guardian of the minors under the established principle of comity between states, which failure requires reversal of the judgment appealed. Although we have carefully examined the record, we fail to find therein any evidence or indication, and none has been called to our attention by appellant, whereby the trial court failed or refused to consider and give proper weight to appellant’s order of appointment as guardian of the minors in arriving at the conclusions expressed in the challenged judgment. The trial court appears to have been more concerned with the welfare and best interest of the children than which of the two contesting grandfathers should be awarded their permanent custody. It is our conclusion that the evidence in the record amply supports the conclusion reached by the trial court as expressed in the judgment here reviewed, and it will not be disturbed on the grounds urged by appellant.
Secondarily, appellant challenges the jurisdiction of the circuit court to appoint appellee as guardian of the minor children in this proceeding since prior to the institution of this action appellee had filed in the County Judge’s Court of Volusia County a petition for appointment as guardian of the minors, which petition had not been considered or disposed of. Appellant urges that the county judge’s court had jurisdiction of the matter, which jurisdiction should not have been usurped by the circuit court in this case. Although county judge’s courts are vested with statutory jurisdiction in all matters pertaining to guardians and wards,[2] such jurisdiction is concurrent with that of circuit courts who are likewise authorized in,.,the exercise of their inherent jurisdiction to appoint guardians in cases in which equitable intervention is necessary for complete and adequate relief.[3] Appellee was involuntarily brought into the circuit court by the action of appellant in seeking a writ of habeas corpus in this proceeding, and the circuit court having once obtained jurisdiction of the parties and subject matter of the cause was authorized to do complete equity by also disposing of the matter of guardianship of the children as was done in this case. Furthermore, it is only appellee who may properly question the circuit court’s action in making a guardianship appointment in this proceeding, if in fact such action may be challenged at all. If erroneous, it is not such an error of which appellant is in position to complain.
We have carefully considered the remaining points urged by appellant but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

.Neal v. State ex rel. Neal (Fla.App. 1961), 135 So.2d 891; Bohn v. Rhoades (Fla.1960), 121 So.2d 777; Coker v. Montgomery (Fla.App.1970), 238 So.2d 490.

. F.S. § 744.06(1), F.S.A.

. F.S. § 744.06(3), F.S.A.