319 So.2d 72 (1975)
DIVISION OF FAMILY SERVICES et al., Appellants,
v.
STATE of Florida, Appellee.
No. X-102.
District Court of Appeal of Florida, First District.
August 26, 1975.
Rehearing Denied October 22, 1975.
*74 Chester G. Senf, Eve Dunkerley Peck, and Duane N. Ivester, Jacksonville, for appellants.
Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., and Don Peters, Sp. Public Defender, for appellee.
BOYER, Chief Judge.
The primary issue presented by this appeal relates to the authority of a Circuit Judge, presiding in a juvenile proceeding, to impose conditions, restrictions or requirements incident to or as a part of an order providing for temporary detention and care in the Division of Family Services pending a hearing to adjudicate delinquency, dependency, or need of supervision.[1]
The record reveals that on August 21, 1974 a petition was filed by an Assistant State Attorney of the Eighth Judicial Circuit in and for Alachua County, Florida alleging that five children, residents of that county, were dependent within the intent and meaning of Chapter 39, Florida Statutes, "in that said children have not proper parental support, maintenance, care and guardianship and are living in a condition or environment such as to injure them or endanger their welfare." On that same day a detention hearing was held.[2] At the conclusion of that hearing the Circuit Judge, apparently at the request of the father of the subject children, entered an order removing custody of said children from their parents and committing them to the temporary care, custody and control of the Division of Family Services "pending a hearing on the dependency petition filed herein, said commitments not to exceed 30 days from the date of this order." Said order further provided that "all five children are to be placed in the same foster home." At the time of the entry of said order one of the agents of the Division of Family Services who had attended the hearing advised the Judge that arrangements had been made to place the five children in the same foster home and they were initially so placed. However, within 24 hours after entry of the order other agents and employees of the Division of Family Services divided the children into three separate placements without receiving permission of the court and without advising the court. That action resulted in the entry of an order of contempt against the Department of Health and Rehabilitative Services, Division of Family Services, the Director and five other employees and supervisors as officials of the agency.
Numerous points have been raised but inasmuch as the appellee, in briefs and oral argument, has candidly conceded that requisite procedures were not followed incident to entry of the order of contempt, the only point remaining for our determination is the issue first above stated.
The appellee vigorously urges that the trial judge in juvenile cases has statutory and inherent authority to impose reasonable restrictions, conditions and requirements incident to issuance of its custodial orders, in proceedings pursuant to Chapter 39 Florida Statutes. The Department of Health and Rehabilitative Services, Division of Family Services, on the other hand, contends that once an agency is granted legal custody, whether temporary or permanent, *75 the court has no further authority in the matter and has no authority to impose any restrictions, conditions or requirements on the granting of such custody. However, the issue in this particular case is even narrower, because here we are only concerned with a temporary order providing for custody in the agency pending an "adjudicatory hearing"[3] to determine and adjudicate delinquency, dependency or need of supervision.[4]
Florida Statutes, Chapter 39, provides no clear specific definitive answer to the issue here presented. However, a careful reading of that chapter makes it abundantly clear that the legislature intended that the court and not the agency have primary responsibility in custody matters. Indeed, virtually every section of that chapter refers to the "court", its powers, duties and responsibilities.
F.S. 39.02(1) provides in material part:
"The circuit court shall have exclusive original jurisdiction of proceedings in which a child is alleged to be dependent, delinquent, or in need of supervision. * * *" (Emphasis added)
F.S. 39.02(6) provides that:
"Nothing in this chapter shall be deemed to take away from the court any jurisdiction or duties conferred upon the court by general law."
F.S. 39.06(7) provides that:
"The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child, a parent, or legal or actual custodian of the child or when the child is taken into custody with or without service of summons and before or after filing of a petition, whichever first occurs, and thereafter the court may control the child and case in accordance with this chapter." (Underlining added)
Referring to the last above quoted provision, F.S. 39.02(3)(b) provides:
"The jurisdiction to be exercised by the court when a child is taken into custody before the filing of a petition as provided in § 39.06(7) shall be exercised by the circuit court for the county in which the child is taken into custody. This court shall control the child and the case in accordance with this chapter. Upon the filing of a petition in the appropriate court, the court exercising this original jurisdiction shall, if the child has been detained or placed in shelter care, transfer the child to the appropriate detention home, shelter, or other placement directed by the receiving court within the circuit of such court, and thereafter the court in which the petition is filed shall control the child and the case in accordance with this chapter." (Underlining added)
Appellant seeks to rely on that portion of F.S. 39.01(9) which provides that:
"An agency granted legal custody shall have the right to determine where and with whom the child shall live, but an individual granted legal custody shall exercise all rights and duties personally unless otherwise ordered by the court."
A careful reading of that provision, in context with the rest of the chapter, clearly reveals that it was the legislative intent to grant the custodial agency discretion, in the absence of a court order to the contrary, in placing the child or children committed to its custody. It clearly was not intended that the agency have unfettered discretion nor was it intended that the agency be permitted to flaunt or ignore specific provisions contained in the custodial order. Such interpretation and construction is fortified by the frequent reference in Chapter 39 to the court, the provision for the exclusive original jurisdiction *76 in the court[5] and the declared purposes of the chapter as expressed in F.S. 39.001, viz:
"39.001 Purposes.  The purposes of this chapter are:
"(1) To protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of children who violate the laws;
"(2) To assure to all children brought to the attention of the courts, either as a result of their misconduct or because of neglect or mistreatment by those responsible for their care, the care, guidance and control, preferably in each child's own home, which will conduce to the child's welfare and the best interest of the state;
"(3) To assure that a child removed from the control of the child's parent shall receive care, custody, and discipline as nearly as possible equivalent to that which should have been given to the child by the parent and, in all cases in which a child must be permanently removed from the custody of his parents, that the child be placed in an approved family home and be made a member of the family by adoption; and
"(4) To provide procedures through which the provisions of the law are executed and enforced which will assure the parties fair hearings at which their rights as citizens are recognized and protected.
"It is the expressed intent of the legislature that this chapter be liberally interpreted and construed in conformity with its declared purposes."
It is axiomatic that in custody proceedings the welfare and best interests of the child or children are of paramount importance. The welfare of the child overrides all other considerations. In determining the issue of the child's welfare and best interests the trial court is vested with broad discretionary powers.[6] Courts lack the physical ability to efficiently carry out custodial functions at all stages of dependency proceedings, particularly at their inception. In recognition of this fact the legislature gave the courts the prerogative to divest themselves of the actual physical care of children alleged or adjudicated to be dependent while still maintaining the exclusive original jurisdiction of the courts. All powers not expressly divested by the court are retained by it.
It is a generally accepted principle of administrative law that an agency, being a creature of statute, has only those powers given to it by the legislature.[7] The authority of appellant, Division of Family Services, sub judice, can come from only two sources. First, it can come from a court order divesting its "exclusive original jurisdiction" under F.S. 39.02(1). Obviously such a divestiture was not intended in the case sub judice because the grant of emergency fosterage was expressly conditioned on the order that the five siblings be placed together. The second source of agency authority is its enabling act, Chapter 409, Florida Statutes, which creates generally the authority and responsibilities of the Division of Family Services: But no such broad grant as is here contended is vested by that chapter. Indeed, appellant sub judice bases its statutory claim to exclusive authority on F.S. 39.11(2)(c), which incorporates F.S. 39.01(9), already above discussed. However, even were we to construe F.S. 39.01(9) as contended by appellant, rather than as above treated, it could have no application by virtue of F.S. 39.11(2)(c) because the initial sentence of that section specifically conditions its applicability *77 wherein the child or children shall have been adjudicated by a court to be dependent. Sub judice there has been no such adjudication.
Appellant's reliance on Department of Health & Rehabilitative Services v. Owens,[8] is also misplaced. That case involves an entirely different statutory provision, Chapter 393 Florida Statutes. Nothing in that chapter, for instance, explicitly vests the Circuit Court with exclusive original jurisdiction as is the case sub judice.[9]
In keeping with the welfare and best interests of the child or children being the dominant or controlling consideration in all custody proceedings[10] we may not overlook the probabilities that instances may occur wherein the best interests of the child and of the agency may be divergent. Indeed, in the case sub judice, one of the agents of the Division of Family Services testified that there were agency fears that their foster home or shelter would be lost if the agency insisted that the five children remain there together. We recognize the validity of the agency's concern for the loss of a facility but that fear, though a legitimate interest of the agency, may not be permitted to interfere with the best interests of the subject children.
In summary, confining our present holding to the exact issue presented in the case sub judice, we hold that a Circuit Judge may, incident to proceedings under Chapter 39 Florida Statutes, impose restrictions, conditions and requirements on custodial detention orders entered pending an adjudicatory hearing. Needless to say, the judge's order in such regard must be reasonable under the circumstances and is reviewable as are other orders involving discretionary matters.
As to the order relative to custody and requiring that the five subject children be placed in the same foster home, we affirm. As to the order finding appellants in contempt we reverse and remand.
It is so ordered.
McCORD and MILLS, JJ., concur.
NOTES
[1] Please see F.S. 39.01(17) and F.S. 39.01 (25).
[2] Please see F.S. 39.01(25).
[3] See F.S. 39.01(27).
[4] See F.S. 39.01(25).
[5] F.S. 39.02(1).
[6] See In re R.J.C., Fla.App.1st 1974, 300 So.2d 54.
[7] See for example Williams v. Florida Real Estate Commission, Fla.App.4th 1970, 232 So.2d 239.
[8] Fla.App.1st 1974, 305 So.2d 314.
[9] F.S. 39.02(1).
[10] See In re R.J.C., supra. For cases holding that it is generally for the best interest of children to maintain siblings together see Arons v. Arons, Sup.Ct.Fla. 1957, 94 So.2d 849; Brooks v. McCutcheon, Fla.App.1st 1970, 244 So.2d 515 and Reinhart v. Reinhart, Fla.App.1st 1974, 291 So.2d 103.