QUESTION: May an officer expend public funds for the purpose of having his or her name placed on official motor vehicles used in the conduct of official business?
SUMMARY: A public officer may not expend public funds for the purpose of defraying the cost of placing his or her name on an official motor vehicle used in the conduct of official business unless authorized by express or necessarily implied statutory authority. In answering this or any other question involving the expenditure of public funds, it is necessary to determine whether the officer in question has been expressly authorized by statute to expend funds for the purpose in question or must be considered to have been given such authority by necessary implication in order to carry out some duty or function expressly imposed or authorized by statute. As to express statutory authority, I have not found any provision in the Florida Statutes expressly authorizing or requiring any public officer to expend public funds to defray the cost of having his or her name placed on any official motor vehicle used in the conduct of official business. As to necessarily implied authority, it would appear that a case-by-case approach would have to be taken. That is, the statutes relating to a particular officer would have to be analyzed in order to determine whether there exists some express or specific authority or duty of that officer which cannot be properly or efficiently carried out without such implied authority to expend public funds to defray the cost of placing the officer's name on an official motor vehicle used in the conduct of official business. Cf. AGO 073-374, wherein it was stated that the power to borrow money was not necessary or indispensable to carry out the expressly granted power or function to purchase land since land might be purchased from current revenues of the affected governmental agency. While an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936). Moreover, no state or county funds may be disbursed or expended for any purpose unless properly budgeted or appropriated as prescribed by law and in strict accordance with the procedures prescribed by specific legislative authorities. I would assume that the officers to whom you refer would all be in the category of administrative officers, both appointed and elected. It is clear that administrative officers are creatures of, and must always rely on, statutory authority. In Florida State University v. Jenkins, 323 So.2d 597, 598 (1 D.C.A. Fla., 1975), the court stated: The powers and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statutes of their creation.
Accord: Florida Industrial Com'n v. National Trucking Company,107 So.2d 397, 401 (1 D.C.A. Fla., 1958). The court in State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636
(1 D.C.A. Fla., 1974), made it clear that "[i]f there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested." The general subject of the dependence of administrative officers and boards on statutory authority is also discussed in the following cases: Williams v. Florida Real Estate Commission, 232 So.2d 239, 240 (4 D.C.A. Fla., 1970); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493, 495 (Fla. 1973); and Division of Family Services v. State, 319 So.2d 72, 75
(1 D.C.A. Fla., 1975). Also see AGO's 075-161, wherein the particular administrative officer to whom the above rules were applied was a sheriff, 071-28, and 075-299. It is my opinion, therefore, that public funds may not be expended for the purpose of defraying the cost of placing the name of a public officer on an official motor vehicle which is used in the conduct of official business unless there is express statutory authority therefor (and I know of no such authority) or there exists authority necessarily implied from an express grant of authority in order to carry out some duty or function expressly imposed or provided by statute. An implied power cannot exist in the absence of some express grant of authority or the express imposition of a duty. As stated in AGO 071-28, to perform any function for the state (or a county) or to expend any money belonging to the state (or a county), the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. And as was stated in AGO 075-299 (quoting in part from AGO 068-12), [i]f the authorization must be necessarily implied, the person issuing the voucher for payment "is obligated to cast such vouchers in such language as will indicate to the postauditor or the public the legality of such payments." . . . Thus, if the authority is implied rather than express, the official must not only point to the statute expressly authorizing or requiring the performance of a particular duty or function but also point out why the expenditure in question is necessary in order to carry out the express duty or function.