Herman D. Laramore Attorney For Jackson County Property Appraiser Marianna
QUESTION:
May a county property appraiser properly expend $500 in public funds for the development and distribution of informational material, such as a photographic and sound public relations package explaining the operations of the county appraiser's office?
SUMMARY:
A county property appraiser is not expressly or impliedly authorized by statute to expand public funds for development and distribution of information material, such as an audiovisual public relations presentation package explaining the operation of the county property appraiser's office and the duties of the appraiser.
In considering a question involving the expenditure of public funds by a public officer, it is necessary to determine whether the officer in question has been expressly authorized by statute to expend funds for the purpose under consideration, or must be considered to have been given such authority by necessary implication in order to carry out some duty or function expressly imposed or authorized by statute. I have found no statutory provision expressly authorizing or requiring a county property appraiser to expend public funds to develop and distribute informational and public relations materials as described. As to necessarily implied authority, an examination of the relevant tax laws (Chs. 192-196 and 200, F. S.) as they pertain to the duties and functions of the property appraisers fails to reveal any express or specific duty or function of the property appraisers from which it must necessarily be implied that they may expend public moneys for the development and distribution of informational material, such as an audiovisual public relations presentation explaining the operation of the office, in order to carry out any of the duties or functions expressly imposed or authorized by the statutes.
It is fundamental that a county officer in creating a charge or claim against county funds must be authorized by law so to do; and the claim or indebtedness so created must be such as may legitimately be incurred under express or clearly implied power given by a statute. Davis v. Keen, 192 So. 200, 203 (Fla. 1939).Cf. AGO 073-374, wherein it was held that the power to borrow money was not necessary or indispensable to carry out the expressly granted power or function to purchase land, since land might be purchased from current revenues of the affected governmental agency. While an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936). Implied authority cannot exist in the absence of some express grant to authority or the express imposition of a duty. It was emphasized in AGO 071-28 that, to perform any function for the state (or a county) or to expend any state (or county) moneys, the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. And, as was stated in AGO 075-299 (quoting in part from AGO 068-12):
 If the authorization must be necessarily implied, the person issuing the voucher for payment `is obligated to cast such vouchers in such language as will indicate to the postauditor or the public the legality of such payments.' Thus, if the authority is implied rather than express, the official must not only point to the statute expressly authorizing or requiring the performance of a particular duty or function but also point out why the expenditure in question is necessary in order to carry out the express duty or function.
Furthermore, a county property appraiser falls within the category of county administrative officers. Although a property appraiser is a constitutional — rather than statutory — officer, he is nevertheless a county administrative officer, whose powers and duties must be prescribed by statute. Section 5(c), Art. II, State Const., provides: `The powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' The property appraiser possesses no inherent or common law powers. In this regard, a county property appraiser may be compared to a county commissioners, who is also a constitutional officer whose powers and duties must be prescribed by statute. In Hopkins v. Special Road Bridge District No. 4, 74 So. 310, 311 (Fla. 1917), the court stated that `[c]ounty commissioners can exercise such authority only as is `prescribed by law'; and, where there are doubts as to the existence of authority, it should not be assumed.' Accord: White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Crandon v. Hazlett, 26 So.2d 638, 642 (Fla. 1946). Also appropriate for comparison is the office of sheriff, the powers and duties of which office are also as provided by statutory authority. See Lang v. Walker, 35 So. 78, 80 (Fla. 1903), and AGO 075-161.
That administrative officers, in general, have no common law or inherent powers, and are dependent upon statutory authority, has been clearly established by the courts of this state (and of other jurisdictions — see 73 C.S.J. Public Administrative Bodies andProcedure s. 48). In Florida State University v. Jenkins,323 So.2d 597, 598 (1 D.C.A. Fla., 1975), the court stated:
 The powers and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statutes of their creation. (Emphasis supplied.)
It has also been emphasized that `[i]f there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested.' State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974). Similar holdings and discussions may be found in Florida Industrial Com'n v. National Trucking Company,107 So.2d 397, 401 (1 D.C.A. Fla., 1958); Williams v. Florida Real Estate Commission, 232 So.2d 239, 240 (4 D.C.A. Fla., 1970); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493, 495 (Fla. 1973); and Division of Family Services v. State, 319 So.2d 72, 75
(1 D.C.A. Fla., 1975). See also AGO's 076-191 (holding that a public officer may not expend public funds to have his or her name placed on an official vehicle used in conduct of official business), 075-299, 075-161, 075-120, and 071-28. In this regard, it should also be emphasized that the requirement for statutory authority may not be satisfied by demonstrating that the thing sought to be done has been done or approved previously as a matter of custom. This point is made in 73 C.J.S. Public AdministrativeBodies and Procedure s. 48, at p. 368: `Mere usage cannot be invoked to invest administrative officers, agencies, or bodies with authority or powers not fairly within the legislative grant.'
Finally, I would note that there are a number of statutory provisions expressly authorizing various agencies and officers to expend public funds for purposes of providing informational, educational, or promotional materials to the public concerning the duties or functions of such agencies and officers. In s. 230.23(16), F. S. (1976 Supp.), district school boards are required to `[a]dopt procedures whereby the general public can be adequately informed of the educational programs, needs, and objectives of public education within the district.' Among the powers and duties of the Commissioner of Education is that set forth in s. 229.512(13), F. S.:
 To arrange for the preparation, publication and distribution of materials relating to the state system of public education which will supply information concerning needs, problems, plans and possibilities; also to prepare and publish annually reports giving statistics and other useful information pertaining to the state system of public education; to have printed copies of school laws, forms, instruments, instructions and regulations of the State Board of Education and to provide for the distribution of the same.
In s. 229.806, F. S., the Department of Education is authorized to `expend at its discretion any of the current expense funds heretofore and hereafter appropriated for the purpose of advertising and promoting the advantages of teaching in the state.' The Division of Economic Development of the Department of Commerce is authorized by s. 288.03(5), F. S. (1976 Supp.), to `plan and conduct a campaign of information, advertising, and publicity relating to the business, industrial, commercial, commercial, agricultural, educational, transportation, and residential facilities, advantages, and products of the state and all parts thereof.' Authority for dissemination of such informational material is provided in subsection (6) of s. 288.03. Similar powers are granted to the Division of Tourism of the Department of Commerce by s. 288.34, F. S. And in s. 369.06(6), F.S., the Commission on Marine Sciences and Technology of the Division of Marine Resources of the Department of Natural Resources is authorized:
 To collect, provide and/or disseminate information relating to oceanography by means of such documents, instruments, seminars, programs, displays, advertising or otherwise as the commission shall from time to time determine.
The existence of statutory provisions such as those cited above leads me to the conclusion that similar provisions would have been provided by the Legislature with respect to county property appraisers had the Legislature intended that the various appraisers should engage in public relations activities designed to inform the public of the various functions or duties of the county property appraiser.
It is therefore my opinion that public funds may not be expended by a county property appraiser for the development and distribution of information material, such as an audiovisual informational presentation of the type you have described, since there exists no express statutory authority therefor and no necessarily implied authority to do so in order to carry out any of the duties or functions expressly or specifically imposed or authorized by statute.
Prepared by: Jerald S. Price, Assistant Attorney General