Ralph D. Turlington Commissioner of Education Tallahassee
QUESTION:
May the Department of Education, acting on behalf of the Division of Blind Services, grant long-term leases of the division's real property to nonprofit corporations to carry out various rehabilitation and education programs?
SUMMARY:
The Division of Blind Services is not authorized to lease, or to permit the Department of Education to lease on its behalf, real property, received by the division by gift or devise, to a nonprofit corporation to be used in establishing educational programs for the retarded or drug rehabilitation programs.
For the reasons hereinafter stated, your question is answered in the negative. According to your letter, the Division of Blind Services has acquired as a devise real property from estates and other sources. You indicate that the division, acting through the Department of Education, is interested in granting long-term leases of this property without actual consideration to nonprofit corporations which will use the property for various rehabilitation and education programs such as residential drug rehabilitation programs and the training and education of retarded persons. No comment is expressed herein regarding the validity of the devises of real property to the division.
The Division of Blind Services is a part of the Department of Education, see s. 20.15(2)(a)5. and (8), F. S., established to provide assistance to blind persons within the state. The powers and duties of the division are prescribed by statute and are generally set out in part I, Ch. 413, F. S. Among these powers expressly granted to the division is the authority to:
 Receive moneys or properties by gift or bequest from any person, firm, corporation, or organization for any of the purposes herein set out, but without authority to bind the state to any expenditure or policy except such as may be specifically authorized by law. All such moneys or properties so received by gift or bequest as herein authorized may be disbursed and expended by the division upon its own warrant for any of the purposes herein set forth, and such moneys or properties shall not constitute or be considered a part of any legislative appropriation made by the state for the purpose of carrying out the provisions of this law. [Section 413.011(1)(j), F. S.]
While s. 10, Art. VII, State Const., prohibits, inter alia, the state or any agency thereof from lending or using its taxing power or credit to aid any private corporation or person, the courts of this state and this office have recognized that, when a public purpose is involved, a public body may accomplish this purpose through the medium of a nonprofit corporation. See generally
Burton v. Dade County, 166 So.2d 445 (Fla. 1964), and Raney v. City of Lakeland, 88 So.2d 148 (Fla. 1956). See also O'Malley v. Florida Insurance Guaranty Association, 257 So.2d 9 (Fla. 1971); Overman v. State Board of Control, 62 So.2d 696 (Fla. 1952); and AGO's 079-27 and 073-40. As stated in O'Neill v. Burns,198 So.2d 1, 4 (Fla. 1967), however, there must be a clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be accomplished to justify the `loan or pledge . . . [of] public funds or property to a nongovernmental entity such as a nonprofit corporation.' While the Constitution does not prohibit a public agency from leasing public property to a nonprofit corporation in order to accomplish a public purpose, the public body or agency must in the first instance have the statutory authority to lease its property. Cf. Florida Little Major League Association, Inc. v. Gulfport Lion's Little League, Inc., 127 So.2d 707 (2 D.C.A. Fla., 1961), and City of West Palm Beach v. Williams, 291 So.2d 572 (Fla. 1974). It is a well-established principle of law that administrative agencies have no common-law or inherent powers but rather have only such jurisdiction or powers as have been expressly or by necessary implication granted or conferred on them by law. See 73 C.J.S.Public Administrative Bodies ss. 48 and 51, and Williams v. Florida Real Estate Commission, 232 So.2d 239, 240 (4 D.C.A. Fla., 1970), stating:
 Administrative agencies are creatures of statute. Their powers are special and limited, being only those which are legally conferred upon them by the statutes of the state, expressly or impliedly for the purpose of carrying out the aims for which they were established. . . . The statute which creates the administrative agency and invests it with its powers restricts it to the powers granted. . . . It is the statute, not the agency, which directs what shall be done.
See also City of Cape Coral v. GAC Utilities, Inc. of Florida,281 So.2d 493 (Fla. 1973); Edgerton v. International Co., 89 So.2d 488
(Fla. 1956); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975); and Division of Family Services v. State,319 So.2d 72 (1 D.C.A. Fla., 1975). While s. 413.011(1)(j), F. S., authorizes the division to receive property by gift or bequest and to disburse or expend such property for those purposes authorized to be performed by the division, I am not aware of any provision in part I of Ch. 413, F. S., which empowers the division, or the Department of Education on its behalf, to lease devised or donated property, nor has any such provision been brought to may attention. While an express power duly conferred may include the implied power to use the means necessary to make an express power effective, such implied authority does not warrant the exercise of a substantive power not conferred. See Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1933). Cf. Trustees of Special Tax District, No. 1, Leon County v. Lewis, 57 So. 614 (Fla. 1912) (general authority to supervise school does not include right to lease property), and AGO's 079-72, 073-374, and 072-421. Moreover, `[i]f there is a reasonable doubt as to the lawful existence of a particular power being exercised, the further exercise of the power should be arrested.' State ex rel. Greenberg v. Florida State Board of Dentistry, 279 So.2d 628 (1 D.C.A. Fla., 1974),cert. dismissed, 300 So.2d 900 (Fla. 1974).
In addition, s. 413.011(1)(j), F. S., limits the use of the property received by the division by gift or bequest to carrying out those duties and responsibilities with which the Division of Blind Services is charged. Your letter indicates that the property proposed to be leased to the nonprofit corporations by the Department of Education on behalf of the division will be used for such purposes as `residential drug rehabilitation programs, training and education of retarded persons' and other similar endeavors. While such programs may well serve a valid public purpose generally or further the authorized functions and purposes of other agencies or divisions within the department, they do not appear to satisfy the requirement contained in s. 413.011(1)(j) that the property be used to accomplish or further the purposes to be performed by the division as set forth in that section, which purposes, in general, are to provide services and assistance to the blind. See also s. 20.15(8), F. S.
In sum, I am of the opinion that the division is not authorized to lease, or to permit the Department of Education to lease on its behalf, real property, received by the division by gift or devise, to a nonprofit corporation to be used in establishing educational programs for the retarded or drug rehabilitation programs.
Prepared by:
Joslyn Wilson Assistant Attorney General