David H. Pingree Secretary Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Does the Department of Health and Rehabilitative Services have the authority to advence funds to the community mental health boards?
SUMMARY:
Until judicially or legislatively determined to the contrary and in the absence of a statutory provision authorizing the department to make advance payments or lump-sum distributions to the community mental health boards, the Department of Health and Rehabilitative Services is not statutory authorized to make advance payments or lump-sum distributions to these mental health boards.
In AGO 077-97 my predecessor in office concluded that a county is not authorized to appropriate and pay county funds in lump sum to a community mental health board established pursuant to part IV, Ch. 394, F. S., to fund the county's proportionate share for mental health services. You state that based upon the conclusions reached in that opinion, the Comptroller has questioned the legal authority of the Department of Health and Rehabilitative Services (hereafter the department) to advance funds to these mental health boards in the absence of any specific statutory authority to advance funds or to make lump-sum disbursements. You therefore request that this office reconsider AGO 077-97 and its applicability to the department's payments to the mental health boards.
This office's opinion in AGO 077-97 prohibiting advance or lump-sum payments by the county to a mental health board was based upon a consideration of the constitutional and statutory duties of the clerk of the circuit court as county auditor to audit and approve claims against the county. See s. 1(d), Art. VIII, State Const., and s. 129.09, F. S. This office has consistently stated that the duties of the clerk as county auditor must be preserved to ensure that the payment of a claim from county funds is a proper and legal charge against the county. See, e.g., AGO's 079-78 and 073-113 stating that `even assuming that the appropriation of county funds would serve a county purpose that has been authorized by statute or home rule ordinance, there must be some type of pre-audit review of the disbursement to make sure that the funds will not be used for other than the county purpose for which the donation was made.' See also AGO's 071-150, 064-96, 059-92, and 056-151. Some control over the disbursement of county funds must therefore be maintained. See Alachua County v. Powers,351 So.2d 32, 36 (Fla. 1977), `[a]lthough an appropriation of county funds may serve a county purpose, there must be some type of pre-audit review of the disbursement in order to be sure that the funds will not be used for an unlawful purpose.' Thus, this office has stated that a lump-sum disbursement of county funds to a noncounty agency to be expended by that organization in its discretion without preaudit review by the clerk may not be lawfully made in the absence of express statutory or constitutional authorization.
The Comptroller has analogous constitutional and statutory audit and approval duties with respect to the disbursement of state funds. See s. 4(d), Art. IV, State Const., and s. 17.03, F. S. Seealso Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied, 237 So.2d 530 (Fla. 1970); and AGO's 075-120 and 071-28. Thus, many of the principles discussed in AGO 077-97 may equally be applied to the Comptroller. Attorney General Opinion 077-97 and the principles of law discussed therein, however, are not dispositive of the instant inquiry in light of the specific statutory provisions regarding state funding of the community mental health services. Specifically, s.394.75(2)(c)1., F. S., and subsections (6) and (7) of s. 394.76, F. S., appear to contemplate the reimbursement of a mental health board's expenses from state funds rather than the advancement of such funds. See s. 394.76(6), which provides that claims for statereimbursement shall be made in such form and in such manner as the department shall determine, and (7), which describes the expenditures that are subject to state reimbursement. See also s.394.75(2)(c)1., providing that the mental health board's district plan provide the basis for reimbursement pursuant to the provisions of part IV of Ch. 394, F. S. I am not aware of any other provision of part IV of Ch. 394 which provides for another method of payment, nor has such a provision been brought to my attention. It therefore appears that part IV of Ch. 394 provides for reimbursement from state funds of the board's expenditures and services rendered in providing community mental health services, and not for advance or lump-sum payments. It is well established that an administrative agency created by statute possesses only those powers which have been expressly or by necessary implication granted to it by the Legislature, and, in the event of a reasonable doubt as to the lawful existence of a power being exercised, the further exercise of the power should be arrested.See State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); Division of Family Services v. State,319 So.2d 72 (1 D.C.A. Fla., 1975); Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A. Fla., 1970); and 73 C.J.S.Public Administrative Bodies and Procedures ss. 48, 51, and 59. Thus, in the absence of specific statutory authority providing for the advance or lump-sum payment of state funds, a state agency may not make such disbursements. Compare s. 112.061(12), F. S., which expressly authorizes an agency head to make advancements to travelers under the provisions of s. 112.061; cf. s. 160.01, F.S., authorizing lump-sum payments of county and municipal funds to regional planning councils. Thus, I am constrained to conclude that the Department of Health and Rehabilitative Services is not statutorily authorized to make advance payments or lump-sum distributions to the community mental health boards.
While part IV of Ch. 394, F. S., in my opinion, contemplates the reimbursement of expenditures for mental health services from state funds, the statute is silent regarding the method or manner of reimbursement for the state's prescribed proportionate share for such mental health services. The provisions of part IV fail to provide any guidelines or establish the methods or procedures to be utilized in claiming the reimbursement from state funds. The department, however, is generally responsible for administering the provisions of the Community Mental Health Act, part IV, Ch. 394, and is expressly authorized to adopt rules and regulations necessary for the administration of the act. See s. 394.78(1); seealso s. 394.76(6). It therefore appears that the department, in the exercise of its rulemaking powers, has the power to prescribe the mode of reimbursement, provided that such rules provide for reimbursement from state funds for expenditures and services rendered and not for advance payments or lump-sum distributions. Such rules adopted in the exercise of the department's rulemaking authority would be presumptively valid. Cf. Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956); 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverage,348 So.2d 934 (1 D.C.A. Fla., 1977); and 73 C.J.S. PublicAdministrative Bodies and Procedures s. 104.
Therefore, until judicially or legislatively determined to the contrary and in the absence of a statutory provision authorizing the department to make advance payments or lump-sum distributions to the community mental health boards, I am of the opinion that the Department of Health and Rehabilitative Services is not statutorily authorized to make advance payments or lump-sum distributions to these mental health boards.
Prepared by:
Joslyn Wilson Assistant Attorney General