CROSS, Chief Judge.
The petitioner-defendant, Jay Williams, a registered real estate broker licensed to *240 do business in the State of Florida, by way of a petition for a writ of certiorari seeks review of an order of the respondent, Florida Real Estate Commission, denying petitioner’s motion to quash an information alleging various violations of the Real Estate License Law by virtue of certain acts alleged to have been committed by petitioner in a foreign country. We grant certiorari, reverse the order on review, and remand with directions to quash the information.
On October 23, 1968, the respondent, Florida Real Estate Commission, by an authorized representative of the Commission as plaintiff, filed information against the defendant, Jay Williams, seeking revocation of defendant’s registration as a real estate broker in the State of Florida. The allegations in the information, excluding those which are superfluous, in essence read as follows:
That on and prior to September 14, 1967, the defendant, a person duly registered as a broker pursuant to ch. 475, F.S., was employed as a real estate broker by a Bahamian corporation who was in the business of selling real estate in the Bahama Islands; that in the course of his employment with the Bahama corporation the petitioner obtained three checks that were payable to his employer in the sum of $7,075 from three prospective purchasers as the full purchase price of a lot located on Grand Bahama Island and owned by the petitioner’s employer. The complaint further alleges that instead of delivering these checks to his employer, the petitioner fraudulently endorsed the checks and appropriated the money to his own use by depositing the money to his personal bank account at a bank in Fort Lauderdale; and that the petitioner immediately used $5,750 of that money to purchase the lot directly from the owner in his own name, retaining the difference of $1,325 and refusing upon demand of the true purchasers of the property to deliver a deed to the property to them or return the money. The complaint alleges that the petitioner violated F.S. § 475.25(1) (a), (c) and (e), and § 475.25(3), F.S.A. The prayer in the complaint sought, if the evidence warranted, a revocation of the petitioner’s registration as a real estate broker in the State of Florida.
The petitioner was served with a copy of the information, together with a notice of filing of the information in accordance with the provisions of F.S. § 475.26 and § 475.40, F.S.A. Thereafter petitioner duly filed and served his motion to quash the information and his answer to information. Hearing was held on petitioner’s motion to quash information, and an order entered on December 10, 1968, denying the motion. It is from this order denying petitioner’s motion to quash that petitioner has brought petition for writ of certiorari.
The question this court has for determination is whether the jurisdiction of the Florida Real Estate Commission, an administrative agency of this state, when seeking to suspend or revoke the license of a person duly registered under the Real Estate License Law, Ch. 475, Florida Statutes, extends to the investigation and regulation of acts which are committed outside the State of Florida, a question not heretofore determined by the courts of this state.
Administrative agencies are creatures of statutes. Their powers are special and limited, being only those which are legally conferred upon them by the statutes of the state, expressly or impliedly for the purpose of carrying out the aims for which they were established. State ex rel. Burr v. Jacksonville Terminal Co., 1916, 71 Fla.295, 71 So. 474. The statute which creates the administrative agency and invests it with its powers restricts it to the powers granted. The agency has no powers except those mentioned in the statute or reasonably implied. It is the statute, not the agency, which directs what shall be done. The statute is not a mere outline of policy, which the agency is at liberty to disregard or put into effect according to the agency’s ideas of what is best for the public welfare.
*241 The general proposition adhered to by other jurisdictions is that the administrative powers of an agency are limited to the territory of which it is an agency. Administrative bodies have been held to have no power to act officially beyond the limits of their territory. Jurisdiction of an administrative agency created by the legislature of the state is statewide. State v. Florida State Imp. Commission, Fla.1950, 48 So.2d 156. Our research reveals no cases granting administrative powers to a state agency created by the legislature of a particular state beyond the territorial limits of the state itself. Pennsylvania R. Co. v. Board of Public Utility Com’rs, 1952, 11 N.J. 43, 93 A.2d 339; 73 C.J.S. Public Administrative Bodies and Procedure § 64.
An intensive review of ch. 475, F.S., does not reveal to us that the powers granted to the Florida Real Estate Commission pursuant to ch. 475, by the legislature of this state either expressly or impliedly grant jurisdiction to the Florida Real Estate Commission over acts committed outside the state by those persons registered under ch. 475. In fact, the implication is just to the contrary. Section 475.01(2) reads in part as follows:
“(2) Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor * * * ” (Emphasis added.)
Section 475.04(1):
“(1) The Commission may examine witnesses and administer oaths, and shall investigate persons doing a real estate business in this state to ascertain if they are violating any of the provisions of this chapter * * (Emphasis added.)
We determine that the use of the words “in this state” imply that the Legislature of the State of Florida has seen fit only to grant the Florida Real Estate Commission power over its registrants for acts which occur within this state.
Prior to 1963 F.S. § 475.42(1) (e), F.S.A., stated “that no person shall sell or offer for sale any real property or interest therein, as defined in this chapter, where the real property involved or affected is located outside the State of Florida, except isolated, disconnected and single transactions, without obtaining a permit issued under the rules of the commission.” (Emphasis added.) In 1963 the Legislature of the State of Florida saw fit to repeal this section of the Florida Real Estate License Law (repealed by Laws of Florida 1963, Ch. 63-129, § 22). The repeal of this section of the 1961 Act indicates the intent of the legislature to limit the Florida Real Estate Commission to the consideration of acts of persons under its purview which occur within this state.
A contrary determination would bring forth intolerable injustices resulting in a government of men instead of a government of laws, and would be the birth of a gross abuse of procedural due process. We can envision the inability of a person charged with violation of § 475 to obtain evidence needed on his behalf as well as the frustration of trying to compel witnesses to appear on his behalf from a foreign country or state. Aside from this the funding of such procedures staggers the imagination.
It is not the function of courts to make laws. The founders of this nation entrusted lawmaking to the legislature. Lanier v. Bronson, Fla.App.1968, 215 So.2d 776. The authority sought by the agency, regardless of commendable intentions, is best left within the realm of the legislature, not the judiciary.
The Commission is not without remedy against those under its fold who have so erred to be adjudged guilty of a crime against the laws of the State of Florida or any other state, or of the United States involving moral turpitude for fraudulent or dishonest dealings. F.S. Section 475.25(1) *242 (e), F.S.A., provides that the record of a conviction, certified or authenticated, is admissible in evidence under the laws of the state and shall be admissible as prima facie evidence of guilt. Thus, under this circumstance, notwithstanding the fact that the act which gave rise to the crime occurred outside the State of Florida, the adjudication of guilty is prima facie evidence of guilt, and if warranted the Commission may suspend and, under certain circumstances, may revoke the registration of a registrant pursuant to ch. 475.25, F.S.
In the instant case, there are no allegations in the complaint asserting that the petitioner had been adjudged guilty of a crime against the laws of the State of Florida, or any other state, or of the United States.
Accordingly, certiorari is granted, the order denying the motion to quash the information is reversed, and the cause is remanded with directions that the information be quashed.
It is so ordered.
McCAIN, J., concurs.
WALDEN, J., dissents, with opinion.