E. William Crotty Attorney for Halifax Hospital Medical Center Daytona Beach
QUESTIONS:
1. Is the Halifax Hospital Medical Center, a special taxing district, authorized under ch. 11272, 1925, Laws of Florida, to lease its assets to a not-for-profit corporation which would manage and operate the taxing district's hospital facilities?
2. If ch. 79-577, Laws of Florida, is approved in a referendum election, would the newly created hospital district be authorized to lease its assets to a not-for-profit corporation which would manage and operate the district's hospital facilities?
SUMMARY:
Until judicially or legislatively determined otherwise, the Halifax Hospital Medical Center, a special district, is not authorized by ch. 11272, 1925, Laws of Florida, as amended, to lease, in toto, its assets and facilities to a not-for-profit corporation which would manage and operate the district's hospital facilities. The hospital district created pursuant to ch. 79-577, Laws of Florida, if approved in a referendum election, is not authorized by said statute to lease, in toto, its assets and facilities to a not-for-profit corporation which would manage and operate the district's hospital facilities.
Your letter of inquiry indicates that the Halifax Hospital Medical Center, a special taxing district, desires to lease the possession, assets, operation, maintenance, and management of hospital facilities under its authority and control to a not-for-profit corporation because of the increasing complexities of building financing, operating, and managing such hospital facilities. You further state that, although the original enabling legislation which created the district (ch. 11272, 1925, Laws of Florida), including subsequent amendments thereto, and ch. 79-577, Laws of Florida (which repeals ch. 11272 and creates a new taxing district if approved by local referendum), do not expressly grant to the subject district the authority or power to lease in toto the possession, operation, and management of any hospital facilities under its control, you are of the opinion that various sections of the aforementioned statutory provisions `imply' that the subject district does have such authority.
AS TO QUESTION 1:
Chapter 11272, 1925, Laws of Florida, created and incorporated a special taxing district to be known as the Halifax Hospital District (now Halifax Hospital Medical Center); as stated in the title of said act
 Providing for the Governing and Administration of the Same; Providing and Defining the Powers and Purposes of said District and of the Board of Commissioners Thereof; Authorizing and Empowering such Board to Establish, Contract, Operate and Maintain such Hospital or Hospitals as May be Established and Constructed by said Board in said District; . . . Authorizing and Providing Generally the Powers and Duties of said Board on its own Behalf.
Section 2 of said act in pertinent part provides:
 That the governing body of the Halifax Hospital District shall consist of five commissioners . . . and they shall be known and designated as the `Board of Commissioners of Halifax Hospital District'. (Emphasis supplied.)
Section 3 of ch. 11272 in part provides:
 The Board of Commissioners of said Halifax Hospital District shall have all the powers of a body corporate, including the power to sue and be sued under the name of the Halifax Hospital District, to contract and to be contracted with . . . to acquire, purchase, hold, lease and convey such real personal property (sic) as said Board may deem proper or expedient to carry out the purposes of this Act; to appoint and employ a superintendent and chief surgeon and such other agents and employees as said Board may deem advisable . . . . (Emphasis supplied.)
Section 5 of ch. 11272 in pertinent part provides:
 Said Board of Commissioners is hereby authorized and empowered to establish, construct, operate and maintain such hospital or hospitals as in their (sic) opinion shall be necessary for the use of the people of said district. Said hospital or hospitals shall be established[,] constructed, operated and maintained by said Board of Commissioners for the preservation of the public health, and for the public good and for the use of the public of said district . . . . (Emphasis supplied.)
These and other provisions of ch. 11272, supra, clearly evidence a legislative intent that the Board of Commissioners of the Halifax Hospital District (now Halifax Hospital Medical Center) is the only body corporate authorized and empowered to operate and manage hospitals within the jurisdictional boundaries of the district. There are no express provisions prescribed by ch. 11272, or any amendments thereto, which authorize any entity or corporate body, including a not-for-profit corporation, other than the board of commissioners to manage and operate hospital facilities within the subject district. Nor, in my opinion, can it be inferred or implied from the express provision of ch. 11272, as amended, that the Legislature, in enacting said statute, intended that the operation and management of the subject district be accomplished by anyone other than the board of commissioners. Such implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers expressly granted. See 1 Am. Jur.2d AdministrativeLaw and Procedure s. 44, p. 846; State v. Atlantic Coastline R. Co., 47 So. 969, 974 (Fla. 1908); Keating v. State, 167 So.2d 46
(Fla. 1964); Gardinier, Inc. of Florida v. Department of Pollution Control, 300 So.2d 75 (Fla. 1974); St. Regis Paper Company v. State, 237 So.2d 797 (Fla. 1970); and Williams v. Florida Real Estate Commission, 232 So.2d 239 (Fla. 1970). As previously stated, the legislative intent gleaned from the clear language in ch. 11272 empowered the board of commissioners of the subject district to operate and manage hospital facilities. Any other operator or manager of the subject district would, in my opinion, be beyond the legislative intent. Thus, the rule expressio uniusest exclusio alterius applies so that by clear implication the management, control, and operation of hospital facilities within the subject district by any entity or *3959 corporate body other than the board of commissioners is prohibited. See Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); Inre Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975); and Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). It would appear that had the Legislature intended that the operation and management of the subject district be accomplished by persons other than the board of commissioners, it would have provided for such clearly and unequivocally. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), and State ex rel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978); see also
ch. 79-577, Laws of Florida, infra.
However, apart from the foregoing, even more important is the basic proposition that public administrative agencies and officers must look to the statutes for their powers and duties; it is the statute and not the agency which directs what should be done. That is, even without the maxim expressio unius est exclusio alterius, the Halifax Hospital Medical Center would be unable to lease, in toto, the assets, operation, and management of hospital facilities under its control to a not-for-profit corporation absent statutory authority therefor. Cf. ch. 79-569, Laws of Florida, which granted specific authorization to the City of Tallahassee to lease its hospital facilities to a not-for-profit corporation and ch. 79-248, Laws of Florida, specifically authorizing the State Board of Education to lease the Shands teaching hospitals and clinics to a not-for-profit corporation. It is well settled that administrative officers and agencies have only that authority provided by statute and that when there is a question as to the existence of the authority, the question should be resolved against the existence of the authority. White v. Crandon,156 So. 303 (Fla. 1934); Hopkins v. Special Road and Bridge District No. 4, 74 So.2d 310 (Fla. 1919); City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493 (Fla. 1973); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1974); and State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948). It is also a well-established rule that special districts (such as the Halifax Hospital Medical Center) possess only such powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted. See
Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); seealso 1 Am. Jur.2d Administrative Law s. 44, p. 846; Keating v. State, 167, supra; Gardinier, Inc. of Florida v. Department of Pollution Control, supra; St. Regis Paper Company v. State, supra; and Williams v. Florida Real Estate Commission, supra.
The clear requirement of ch. 11272, supra, combined with the aforecited case law compels the conclusion that, absent a statute granting such authority, either in express terms or by necessary implication, the Halifax Hospital Medical Center, a special district, is without authority to lease, in toto, the assets, operation, and management of the hospital's facilities under its control to a not-for-profit corporation. Since, as previously stated, I can find no such authorizing provision in ch. 11272, and until there is a judicially or legislatively determination to the contrary, your question must be answered in the negative.
AS TO QUESTION 2:
Chapter 79-577, Laws of Florida, repealed ch. 11272, 1925, Laws of Florida, as amended, and provided for a new special taxing district to be known as the Halifax Hospital Medical Center, which is to succeed to all obligations, rights, and liabilities of the existing special taxing district known as the Halifax Hospital District and the Halifax Hospital Medical Center (both of which are special taxing districts created and existing under ch. 11272) if said repealing statute is approved by local referendum. Subparagraph (1) of s. 2 of ch. 79-577, Laws of Florida, in pertinent part provides: `The governing body of the Halifax Hospital Medical Center shall be a Board of Commissioners which shall consist of seven members . . . .' (Emphasis supplied.)
Section 3 of ch. 79-577, supra, in part provides:
 The district shall have all the powers of a body corporate, including the power to sue and be sued, to contract and be contracted with . . . to acquire, purchase, hold, lease and convey such real and personal property as may be proper or expedient to carry out the purposes of this act, to appoint and employ . . . such other agents and employees as may be advisable . . . .
Section 5 of ch. 79-577 in pertinent part provides:
 The hospitals, medical facilities or clinics, and out-patient facilities and services shall be established, constructed, operated, and maintained by the district for the preservation of the public health . . . . (Emphasis supplied.)
My response to question 1 adequately answers this question as well. In summary, administrative bodies are creatures of the Legislature, and what powers or authority they have are limited to the statutes that created them (see State ex rel. Greenberg v. Florida Board of Dentistry, supra), in express terms or by necessary implication. Further, if there is a question as to the existence of an authority or power, the question should be resolved against the existence of the authority or power. See
White v Crandon, supra, and State ex rel. Greenbers, supra. Finally, the rule of expressio unius est exclusio alterius would prohibit by implication the exercise of power not expressly granted or fairly implied in the enabling statute. See Ideal Farms Drainage District v. Certain Lands, supra, and Interlachen Lakes Estates, Inc. v Snyder, supra.
Therefore, the preceding sections of ch. 79-577, Laws of Florida, together with the statute as a whole, clearly express a legislative intent that the newly created hospital district and the operation and management of the hospital facilities under its control are to be governed by the board of commissioners. Accordingly, until judicially or legislatively determined otherwise, your second question is answered in the negative.
Prepared by: John W. Williams, Assistant Attorney General