Mr. Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles
QUESTIONS:
1. May a motor vehicle dealer conduct his business in more than one fictitious name under a single license issued to the dealership pursuant to s. 320.27(3), F.S. (1980 Supp.)?
2. If question one is answered in the affirmative, may the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles require the applicant for a motor vehicle dealer license to submit one surety bond as provided in s. 320.27(10), F.S. (1980 Supp.), for each fictitious name for the same location under which the applicant will carry on such business at the location(s) for which the dealership is licensed?
SUMMARY:
Until and unless judicially or legislatively determined to the contrary: 1) a motor vehicle dealer may conduct his business at the same location in more than one fictitious name under a single license issued to the dealership pursuant to s. 320.27(3), F.S. (1980 Supp.); 2) the Department of Highway Safety and Motor Vehicles is not authorized by the provisions of s. 320.27(10), F.S. (1980 Supp.), to require an applicant for a motor vehicle dealer's license to submit one surety bond for each fictitious name used by the applicant-dealer.
AS TO QUESTION 1:
Section 320.27(2), F.S. (1980 Supp.), states that no person shall engage in business as, serve in the capacity of, or act as a motor vehicle dealer in this state without first obtaining a license therefor as provided in s. 320.27. See s. 320.27(1)(e), F.S. (1980 Supp.), which defines `person' as used therein to mean `any natural person, firm, partnership, association, or corporation.' Subsection (3) of s. 320.27 sets forth the criteria for the application and fee for such a license and states in pertinent part:
 The application for the license shall be in such form as may be prescribed by the department [of Highway Safety and Motor Vehicles] and subject to such rules and regulations with respect thereto as may be so prescribed by it. Such application . . . shall contain a full statement of the name and birth date of the person or persons applying therefor; the name of the firm or copartnership, with the names and places of residence of all members thereof . . .; the names and places of residence of the principal officers, if the applicant is a body corporate or other artificial body; the name of the state under whose laws the corporation is organized; the present and former place or places of residence of the applicant; and prior business in which the applicant has been engaged and the location thereof . . . .
According to the information supplied to this office, the department has not promulgated any rules implementing this section. You state, however, that in the past the department has interpreted s. 320.27 to require that a motor vehicle dealer's license application and license designate no more than one fictitious name in which the business will be conducted; if a dealer chooses to use additional fictitious names, a license is required by the department for each fictitious name in which the dealer will engage in business. A question has arisen as to the requirements of the statute and you have, accordingly, requested the opinion of this office on this matter.
It is well established under Florida law that administrative officers and agencies have only that authority and powers as are provided by statute and that where there is a question as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. See, e.g., Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); Stateex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). And see Williams v. Florida Real Estate Commission,232 So.2d 239 (4 D.C.A. Fla., 1970) (administrative agencies are creatures of statutes; their powers are special and limited, being only those which are legally conferred upon them by the statutes, expressly or impliedly, for the purpose of carrying out the aims for which they were established); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975) (the powers and authority of administrative boards, commissions and officers are limited to those granted expressly or by necessary implication, by the statute of their creation); 73 C.J.S. Public AdministrativeBodies and Procedure ss. 48 and 59. While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority does not warrant the exercise of a substantive power not conferred. Molwin Investment Company v. Turner, 167 So. 33 (Fla. 1936). Cf. 73 C.J.S. Public Administrative Bodies and Procedure s. 51 (administrative officers and agencies cannot add to their own powers or jurisdiction or by any mere process of construction create a power which has not been given them).
Section 320.27(3), F.S. (1980 Supp.), enumerates the information that is to be supplied to the department by an applicant for a motor vehicle dealer's license, requiring, inter alia, that the name of the applicant be given; if the applicant is a firm or copartnership, the names of all members thereof must also be contained in the application, or if the applicant is a corporation, the names of its principal officers are required in addition to the applicant's (or corporation's) name. Certain other information not pertinent to the instant inquiry must also be supplied by the applicant; in addition, the section provides for the payment of fees upon making an initial application, renewal application or change of location application for a motor vehicle dealer's license. The statute does not, however, mention or purport to regulate the use of fictitious names by such applicants. The use of such names is regulated by s. 865.09, F.S., which requires that a person doing business under a fictitious name be registered under s. 865.09 by advertising such intent and by filing with the clerk of the circuit court of the county where the principal place of business is, an affidavit signed by all interested persons stating the names of all those interested in the business enterprise, the extent of the interest of each and the fictitious name under which said business is carried on; if a business fails to comply with the provisions of s. 865.09, neither the business nor its members may defend or maintain a suit in a state court until the provisions of the statute have been met. Section 320.27, F.S. (1980 Supp.), however, is silent regarding the use of fictitious names and does not appear to regulate, or authorize the department to regulate, or proscribe the use of such names by motor vehicle dealers. Cf. s. 493.311(3)(c), F.S. (1980 Supp.), which states that no licensee under part I of ch. 493, relating to private investigative agencies, patrol agencies, etc., may conduct a business under a fictitious name without the prior written authorization of the Department of State which shall require as a condition precedent to the use of such name, the filing of a certificate of doing business under a fictitious name under s. 865.09; no licensee shall be permitted to conduct business under more than one name except as licensed.
Subsection (5) of s. 320.27 provides for the issuance of supplemental licenses, requiring that a person licensed thereunder shall obtain a supplemental license for each additional place of business not contiguous to the premises for which the original license is issued. Cf. Home Volkswagen, Inc. v. Calvin,338 So.2d 1287 (1 D.C.A. Fla., 1976), in which the court held that an application made by a wholly owned subsidiary of a licensed dealer was properly treated as a new application rather than an application for a supplemental license by the corporate owner since the subsidiary was a separate corporation and its ownership could be readily changed. In the instant inquiry, no separate corporation is involved, nor does it appear from the information supplied to this office that your inquiry concerns the requirements of operating a business at a location other than that for which the license was issumed; rather you inquire as to the authority of a licensee seeking to conduct his business at the same location for which the dealership was licensed under more than one fictitious name. Section 320.27(9) which sets forth the grounds for denial, suspension or revocation of a license does not refer to or include the use of fictitious names among its terms. Subsections (3), (5), and (9) of s. 320.27, do not (nor does any other provision of the statute) refer to or purport to regulate or proscribe the use of fictitious names by a duly licensed motor vehicle dealer. In the absence of such a provision, I am of the opinion that the department is not authorized to regulate such use. Accordingly, I am of the view, until and unless judicially or legislatively determined otherwise, that the Department of Highway Safety and Motor Vehicles may not under the provisions of s.320.27(3), F.S. (1980 Supp.), require a duly licensed motor vehicle dealer to obtain additional licenses for each fictitious name under which the dealer desires to engage or does engage in business as a motor vehicle dealer.
AS TO QUESTION 2:
Section 320.27, F.S. (1980 Supp.), conditions the issuance of a motor vehicle dealer's license, or annual renewal thereof, upon the delivery of a surety bond in the sum of $5,000 to the department by the applicant-dealer. Said bond is to be in a form approved by the department and conditioned upon the motor vehicle dealer's compliance with the conditions of any written contract made by the dealer in connection with the sale or exchange of any motor vehicle and with the provisions of chs. 319 and 320, F.S.; `[s]uch bond shall be to the department and in favor of any retail or wholesale customer who shall suffer any loss as a result of any violation of the conditions hereinabove contained.' You inquire as to whether the department is authorized to permit the use of fictitious names subject to the receipt of a surety bond for each fictitious name employed in order to ensure that `the surety bond requirement found in Section 320.27(10), Florida Statutes, would not be diluted by the operation of several motor vehicle businesses at one location.'
As previously discussed in Question One, the department possesses only such powers and authority as have been expressly or by necessary implication conferred on it by statute. Moreover, if there is any question as to the lawful existence of a particular power being exercised, the further exercise of the power should be arrested. State ex rel. Greenberg v. Florida State Board of Dentistry, supra. While subsection (10) of s. 320.27, F.S. (1980 Supp.), requires that before a license for a motor vehicle dealer be issued, a surety bond be delivered to the department, it does not provide for or otherwise refer to fictitious names or the use thereof by motor vehicle dealers, not does it authorize the department to permit or regulate the use of such names by motor vehicle dealers. The bond required by subsection (10) is given by the applicant for a motor vehicle dealer's license pursuant to s.320.27(3). It was my opinion in Question One that such a licensee could conduct his business in more than one name under a single license issued to the dealership; subsection (10), in requiring a surety bond be delivered to the department before such a license may be issued, does not authorize the department to require a separate bond for each fictitious name or names that may be used by the dealer in conducting his business. Nor am I aware of any other statutory provision authorizing the department to require additional surety bonds for each fictitious name used by a motor vehicle dealer (and no such statutory provision has been brought to the attention of this office). In the absence of such a provision, and until and unless judicially or legislatively determined otherwise, I am therefore of the opinion that the Department of Highway Safety and Motor Vehicles is not authorized to require an applicant for a motor vehicle dealer's license to submit a surety bond as provided in s. 320.27(10) for each fictitious name used by the applicant-dealer.
Prepared by: Joslyn Wilson, Assistant Attorney General