Mr. Michael N. Kavouklis County Attorney Hillsborough County Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Kavouklis:
This is in response to your request for an opinion on substantially the following question:
 WHAT AUTHORITY DOES THE HILLSBOROUGH COUNTY PUBLIC TRANSPORTATION COMMISSION HAVE OVER PUBLIC TRANSPORTATION AND THE VARIOUS GOVERNMENTAL ENTITIES LOCATED WITHIN THE COUNTY?
The Hillsborough County Public Transportation Commission was created by Ch. 83-423, Laws of Florida, effective July 1, 1983. Section 2(1) of Ch. 83-423 vests in the Commission the authority and power, by rule or order, to regulate the operation of taxicabs, limousines, vans and handicabs upon the public highways of the county and municipalities, authorities or bodies politic within the county. See, s 3(7), Ch. 83-423, Laws of Florida, defining "highway" as any of the public streets, boulevards, avenues, drives or alleys within Hillsborough County; and see, s 3(1), (2), (3), and (4), Ch. 83-423, respectively defining "taxicab," "van," "limousine," and "handicab" for purposes of the special act. Your inquiry concerns what authority the Commission has over public vehicles (defined by s 3(12) of Ch. 83-423) and over other governing authorities located within the county. You have not, however, drawn my attention to any special or local law, other than Ch. 83-423, Laws of Florida, relating to the subject matter of your inquiry nor have you specifically inquired as to the exercise of any particular power by the Commission; therefore no other special or local law applying to the local governmental bodies in the county and prescribing their powers has been examined and considered and no opinion is expressed herein as to the effect of any such laws on your inquiry.
Section 2(1), Ch. 83-423, Laws of Florida, expressly charges the Commission with the responsibility and duty of fixing or approving taxicab zones, rates, fares and charges; making classifications, rules and regulations for such operations; requiring the filing of reports and other data concerning such operations; and supervising and regulating public transportation (as defined by s 3(15), Ch. 83-423) in all other matters affecting the relationship between such operations and the traveling public, including but not limited to regulations regarding safety and equipment, cleanliness, qualifications of the operators (drivers) and individual and company certificates subject to the provisions of the act. In exercising its jurisdiction granted by Ch. 83-423, the Commission is authorized to make orders and prescribe rules and regulations affecting such transportation companies and these orders, rules and regulations shall prevail over those of any other county, authority, body politic or municipal governing body. See, s 3(10) of the special act defining "authority" to mean "a unit of government created pursuant to special legislation for the purpose of specialized functions within"; s 3(11) defining "body politic" as "any municipal corporation, school district, county, city or public association created pursuant to general or special legislation"; and s 3(14) defining "municipality" as "a municipality created pursuant to general or special law authorized or reorganized pursuant to Section 2 or Section 6 Article VIII of the State Constitution." See also, s 3(13), Ch. 83-423, Laws of Florida, defining "district."
Pursuant to the act, neither Hillsborough County nor any municipality, authority or body politic in the county has the right to require the transportation companies subject to regulation by the Commission to pay any license, fee or tax for the privileges granted in the act except as the act itself provides. Section 2(1) of Ch. 83-423 goes on to state, however, that nothing contained therein shall be construed so as to limit or in any way affect the authority of the county or governmental bodies in the county from levying an occupational license tax pursuant to Ch. 205, F.S. See, s 205.022(1), F.S., which defines "local occupational license" to mean "the method by which a local governing authority (defined in s 205.022[2], F.S.) grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction"; it does not, however, mean any fees or licenses paid to a board, officer or commission for permits, registration, examination or inspection as these, unless otherwise provided by law, are deemed to be regulatory and in addition to, not in lieu of, any local occupational license imposed under the provisions of Ch. 205. See generally, ss205.032-205.033 and ss 205.042-205.043, F.S., which respectively provide for the levy of occupational license taxes by counties and municipalities. And see, AGO's 76-30 and 74-21 wherein this office, discussing the distinction between occupational license taxes imposed pursuant to Ch. 205, F.S., and regulatory fees or ordinances, stated:
 The main judicial delineation between a "regulatory fee" and a "license tax" appears to be the regulatory fee requirement that some standards for regulation and control of the registrant, subsequent to the payment of the fee, be provided. If the applicant is merely required to pay a fee and by payment acquires the right to carry on an occupation, without any further conditions, the pecuniary extraction is generally considered a license tax. Tamiami Trail Tours, Inc. v. City of Orlando, 120 So.2d 170 (Fla. 1960).
See also, AGO 84-42.
Accordingly, based upon the foregoing, it appears that the county and municipalities located therein may levy and collect an occupational license tax pursuant to Ch. 205, F.S., as such taxes are specifically excepted from Ch. 83-423, Laws of Florida. However, with respect to those areas relating to public transportation within Hillsborough County not so excepted from Ch. 83-423's terms, the county and municipalities, authorities and other bodies politic located therein are subject to and bound by the provisions of Ch. 83-423 and the orders or rules and regulations made or enacted thereunder by the Hillsborough County Public Transportation Commission which shall prevail over those of the county and governmental units therein. Moreover, such governmental bodies are expressly prohibited from requiring any of the transportation companies subject to regulation by the Commission under the terms of the act to pay any license fee or tax for the privileges granted in Ch. 83-423 except as the act itself provides. As to those powers which the Commission may exercise, the Hillsborough County Public Transportation Commission possesses only those powers granted to it by Ch. 83-423 and may exercise such powers over the local governmental bodies as provided therein. Cf., Williams v. Florida Real Estate Commission,232 So.2d 239 (4 D.C.A. Fla., 1970) (administrative agencies are creatures of statute; their powers are special and limited, being only those which are legally conferred on them by statute, expressly or impliedly, for the purpose of carrying out the aims for which they were established); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). This office, however, cannot generally comment upon or speculate as to what particular powers or authority the Commission may or may not exercise except to reiterate that the Commission possesses such authority and powers and only such powers as its enabling legislation, Ch. 83-423, Laws of Florida, expressly or necessarily implied from expressly granted powers, bestows upon it.
I note that a charter for Hillsborough County was adopted July 28, 1983, and is scheduled to go into effect at the same time the commissioners elected at the 1984 general election take office. See, s 10.04 of the new charter. And see, s 2.01 of the charter which states that the county government shall have all powers of local self government not inconsistent with general law; special law approved by the electorate; special laws relating, inter alia, to transportation which laws may be effective in Hillsborough County without approval by the electorate; or the county charter. Section 9.01 of the Hillsborough County Charter states that no law passed by the State Legislature shall be effective as to the county unless approved at referendum or except to the extent that 1) the Florida Constitution or county charter requires it to be effective; 2) it permits the county to grant powers to, receive powers from, or combine powers with, other governmental entities; 3) it solely affects either tax authorization not inconsistent with the charter or the relations of the county government to any governmental body having jurisdiction extending beyond the boundary of Hillsborough County; or 4) it is authorized under s2.01, supra, of the charter. See, AGO 81-7 wherein this office stated that the power granted to provide by charter for the precedence of county ordinances over municipal ordinances does not include the power to provide by charter for the precedence of county ordinances over laws enacted by the State Legislature or delegate any part of the legislative power of the state to a county to enable it to enact or amend or repeal the laws of the state; the only constitutional authority for a county, charter or noncharter, to amend or repeal a law enacted by the State Legislature is that contained in s 6(d), Art. VIII, State Const., which provides that local laws relating only to unincorporated areas of the county on the effective date of Art. VIII may be amended or repealed by county ordinance. Chapter 83-423, Laws of Florida, effective July 1, 1983, and applicable to both the incorporated and unincorporated areas of the county would not therefore appear to be affected or governed by the terms of the new county charter.
In conclusion, I am of the opinion that Hillsborough County and the municipalities located therein may levy and collect an occupational license tax pursuant to Ch. 205, F.S., for the privilege of engaging in or managing any business operating taxicabs, vans, handicabs or limousines within their respective jurisdictions; however, with respect to those areas relating to public transportation (taxicabs, vans, handicabs or limousines) within the county not excepted from the terms of Ch. 83-423, Laws of Florida, the county and local governmental bodies therein are subject to and bound by the provisions of Ch. 83-423 and the orders or rules and regulations made or enacted thereunder by the Hillsborough County Public Transportation Commission which shall prevail over those of the county and other governmental bodies therein.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General