The Honorable Ron Glickman Representative District 66 Suite 113 4302 Henderson Boulevard Tampa, Florida 33609
Dear Representative Glickman:
You have asked for my opinion on the following question:
 Is the Hillsborough County Public Transportation Commission authorized to mandate safety equipment, such as safety shields, highjack lights, and drop safes for taxicabs within the commission's jurisdiction?
In sum:
 The Hillsborough County Public Transportation Commission is not expressly or impliedly authorized to mandate safety shields, highjack lights, or drop safes for taxicabs operating within the commission's jurisdiction.
An administrative agency possesses no power not expressly granted by statute or necessarily implied from an express grant of power. Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise of such power.[1] Further, implied powers accorded to administrative agencies must be indispensable to powers which are expressly granted.[2]
Chapter 83-423, Laws of Florida, as amended by Chs. 87-496 and 88-493, Laws of Florida, does not expressly authorize the Hillsborough County Public Transportation Commission (the commission) to require safety shields, highjack lights, or drop safes in taxicabs operating within the commission's jurisdiction. Section 9(1) of the act sets forth the authority of the commission to adopt regulations for safety and equipment requirements. Pursuant to this section, the regulations are to provide that taxicabs, vans, handicabs, and basic life support ambulances shall be equipped with a frame or holder to display the public vehicle driver's license and that taxicabs shall not be equipped with shades or curtains which may shield the occupants or driver from observation. The act requires that all vehicles must be equipped with safety nonshatterable glass and must be kept clean and sanitary.
I must conclude that the Hillsborough County Public Transportation Commission possesses no authority to adopt a requirement that taxicabs regulated by the commission be equipped with safety shields, highjack lights, or drop safes.[3] However, the Legislature may consider amending Ch. 83-423, Laws of Florida, to expressly authorize the commission to mandate certain safety equipment for taxicabs.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974).
[2] See, Williams v. Florida Real Estate Commission,232 So.2d 239, 240 (4 D.C.A.Fla., 1970).
[3] This office previously considered whether the Hillsborough County Public Transportation Commission was authorized to require plexiglass shields between the driver of a taxicab and the passenger to protect the driver from assault and concluded, based on this reasoning, that the commission lacked such authority. See, Informal Opinion to Senator Pat Frank of October 17, 1986; and cf., Informal Opinion to Anthony Gonzalo of May 27, 1987, concluding that the Hillsborough County Public Transportation Commission does not possess the authority to deny a certificate of operation to an applicant or to require modification of a company's name when that name is similar to that of another company doing business within the commission's jurisdiction.