Jose B. Alvarez District Attorney Deltona Fire District
QUESTION: Does the Deltona Fire District have firesafety responsibilities pursuant to Ch. 633, F.S.?
SUMMARY: Pursuant to Ch. 90-145, Laws of Florida, the Deltona Fire District has the authority to establish, operate, and maintain programs of fire prevention and firesafety within the district.
The Deltona Fire District is an independent special taxing district established by special law.[1]. You have advised this office that the district is responsible for providing fire protection within the district's boundaries and first-call emergency and rescue services. You ask whether the district is authorized to conduct fire inspections and perform other activities which may be performed by "a special district having firesafety responsibilities" pursuant to such provisions in Ch.633, F.S., as ss. 633.081, 633.085, and 633.121, F.S.
Pursuant to Ch. 69-1707, Laws of Florida, creating the district, the Board of commissioners of the Deltona Fire District possesses "all the powers of a body corporate," including the power of sue and be sued and to contract and be contracted with.[2]
The board is empowered to "establish, construct, operate and maintain such fire stations as it may deem necessary in order to provide fire protection for the people of the district."[3]
The act states that:
 The board of commissioners shall provide fire protection for the improved and unimproved property lying within the district. . . and the board may in its discretion and with the approval of any volunteer group with which it may contract for the purposes of providing fire protection, contract with the owners of improved or unimproved lands lying without the district for the furnishing of fire protection . . . provided that the board may contract or enter into agreements with the fire departments or other unincorporated areas for the purpose of providing mutual assistance and cooperative use of equipment and personnel for fighting of fires.[4]
In addition, the district has been authorized to provide first-call rescue and emergency service to the residents of the district. The board may contract or enter into agreements with other fire departments or fire protection agencies to provide mutual assistance and cooperative use of the equipment and personnel for furnishing such services.[5]
In 1990, the Legislature authorized the Board of Commissioners of the Deltona Fire District to provide fire prevention and firesafety programs within the district. Chapter 90-415, Laws of Florida, provides that:
The Board of Commissioners of the Deltona Fire District, created in Volusia County by chapter 69-1707, Laws of Florida, as amended, may establish, operate, and maintain programs of fire prevention and fire safety within the district. The board may enter into contracts and agreements with other fire departments or fire protection agencies to provide such programs.
Thus, fire prevention and safety programs may be established and conducted by the board throughout the district.
It appears that the Legislature intended to "give the Deltona Fire district the additional responsibility of providing for fire prevention and safety within the district" by passage of this bill.[6] In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature.[7]
Fire control or protection districts possess only those powers expressly granted to them.[8] The expressed powers of the Deltona Fire district include providing fire protection and first-call rescue and emergency service to the residents of the district. The district is also expressly authorized to conduct fire prevention and safety programs within its jurisdiction. The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers.[9]
Section 633.025(1), F.S., authorizes each special district with firesafety responsibilities to adopt minimum firesafety standards to operate in conjunction with the state minimum building code adopted pursuant to s. 553.73, F.S. Because it appears that the Legislature intended to extend firesafety responsibilities to the Deltona Fire District by enacting Ch. 91-189, Laws of Florida,[10]
it is my opinion that the district is authorized to adopt minimum firesafety standards pursuant to s. 633.025(1), F.S.
Section 633.081, F.S., authorized the State Fire Marshal and his agents to inspect certain buildings and structures. Pursuant to the statute: "Each county, municipality, and special district that has firesafety enforcement responsibilities shall employ or contract with a firesafety inspector. The firesafety inspector much conduct all firesafety inspections that are required by law"[11]
(e.s.) Thus, the statute merely authorizes a district with firesafety enforcement responsibilities to employ a firesafety inspector to conduct inspections. It does not authorize or empower other personnel of the district to conduct firesafety inspections.
If it is determined that the Deltona Fire District has firesafetyenforcement responsibilities, the district may employ a firesafety inspector to carry out the provisions of s. 633.081, F.S. While this matter is not free from doubt,[12] it is my opinion, based on legislative history analysis, that the Legislature intended to authorize the district to independently employ inspectors to accomplish the provisions of s. 633.081, F. S.[13] Therefore, it is my opinion that, for this limited purpose, the Deltona Fire District comes within the scope of s. 633.081(1), F.S., as a special district with firesafety enforcement responsibilities.
Pursuant to s. 633.121, F.S.L:
The chiefs of county, municipal, and special -district fire departments; other fire department personnel designated by local governments having no organized fire departments are authorized to enforce this law and all rules prescribed by the State Fire Marshal within their respective jurisdictions. Such personnel acting under the authority of this section shall be deemed to be agents of their respective jurisdictions, not agents of the State Fire Marshal.
Clearly then, personnel acting pursuant to s. 633.121, F.S., do not act as agents of the State Fire Marshal but as agents of, in this case, the Deltona Fire District.
Section 633.085, F.S., as amended by Ch. 91-189, Laws of Florida, makes provision for inspections of state building and premises, testing of firesafety equipment, and approval of building plans. The statute provides, in part, that:
It is the duty of the State Fire Marshal and his agents to inspect, or cause to be inspected, each state-owned or state-leased building on a recurring basis established by rule, and to ensure that high-hazard occupancies are inspected at least annually, for the purpose of ascertaining and causing to be corrected any conditions liable to cause fire of endanger life from fire and any violation of the firesafety standards for state-owned and state-leased buildings, the provisions of this chapter, or the rules or regulations adopted and promulgated pursuant hereto. (e.s.)
Despite the extension of certain firesafety responsibilities to the Deltona Fire District, the agents of the district are, pursuant to s. 633.121, F.S., agents of their jurisdiction not agents of the State Fire Marshal and have no authority to inspect state buildings and premises under this statute.
Thus, pursuant to Ch. 90-415, Laws of Florida, the Deltona Fire District is authorized to perform certain firesafety functions under Ch. 633, F.S., including the employment of a firesafety inspector to conduct inspections and the adoption of a minimum firesafety standard for use throughout the district.
[1] See, Ch. 69-1707, Laws of Florida, as amended by Chs. 73-646, 83-532, 83-533, and 84-538, Laws of Florida, the Deltona Fire District will be dissolved on October 1, 1991. After that date, the City of Deltona will take over the powers, duties and responsibilities of the district.
[2] Section 6, Ch. 69-1707, Laws of Florida.
[3] Section 8, supra.
[4] Section 15, supra.
[5] Section 1, Ch. 83-532, Laws of Florida.
[6] See, House of Representatives Committee on Community Affairs, Final Staff Analysis — Local Legislation, Senate Bill 3142, dated August 3, 1990.
[7] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950) and People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921).
[8] See, AGO's 74-49, 69-130, and Inf. Op. to Mr. Jose B. Alvarez dated January 13, 1989.
[9] See, e.g., Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A. Fla., 1974); Williams v. Florida Real Estate Commission, 232 So.2d 239,240 (4 D.C.A. Fla., 1970).
[10] See, supra footnote 6.
[11] Section 633.081(1), F.S.
[12] Compare. Ch. 29438, 1953, Laws of Florida, which creates the Indian Rocks Special Fire Control District and which specifically authorized the district "to inspect all property and check for fire hazard" (s. 10, Ch. 29438, supra) and "to inspect all building where large groups of people might congregate to see that they have the proper fire extinguishers and fire escapes" (s. 12, Ch. 29438, supra), and to "adopt such rules and regulations" as the district deems necessary to facilitate its business. This legislation clearly extends firesafetyenforcement responsibilities to the Indian Rocks Special Fire Control District. No such clear legislative statement appears in Ch. 90-415, Laws of Florida.
[13] See, House of Representatives Committee on Community Affairs, Final Staff Analysis, SB 3142, dated August 3, 1990, summarizing the situation as it existed prior to passage of the bill by stating that the district did not have the authority to solely preform fire inspections and indicating that the district "wants their inspectors to have the authority to solely preform fire inspections." I would note that this language does not appear in the analysis of the effect of the proposed changes to be accomplished by passage of SB 3142 nor does any other mention of inspection or firesafety enforcement responsibilities appear in the substantive portions of the Final Staff Analysis.